The STATE of Ohio, Appellee,

v.

GORE, Appellant.

[Cite as *State v. Gore* (1999), 131 Ohio App.3d 197.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 94 CA 97.

Decided Feb. 17, 1999.

198

*John P. Laczko,* Special Prosecuting Attorney, for appellee.

*Rebecca Gerson,* for appellant.

---

VUKOVICH, Judge.

Defendant-appellant, Steven Gore, appeals his convictions in the Mahoning County Common Pleas Court of aggravated robbery and kidnapping and the sentences thereon. For the reasons set forth below, the trial court's judgment is affirmed.

## I. STATEMENT OF FACTS

On December 9, 1993, Lorna Dudash filed a statement with the Campbell Police Department relating a story of her alleged kidnapping and robbery by appellant. Dudash stated that, earlier that day, as she walked to her automobile from a market on Monroe Street, appellant followed her and entered the automobile with her.

Appellant allegedly put a gun under Dudash's chin and told her to drive down the street, make a left, and then stop. Dudash stated that appellant asked her for money while holding a gun to her leg. She claims that she gave him approximately $200 and then unsuccessfully asked for some of the money back. Nonetheless, appellant contends that he asked Dudash for $100 in drug money that she owed him for crack cocaine and that she voluntarily paid her debt. Dudash testified that, as appellant exited her car, he said "thanks" and "bye."

Dudash stated that she knew appellant's name and had only exchanged greetings with him on prior occasions. On the contrary, appellant testified that he was Dudash's drug supplier. Other people whom appellant may have supplied with drugs are his cousin, who testified that she introduced appellant and Dudash when the latter was in search of drugs, and Dudash's babysitter, who testified that she has had occasion to see appellant and Dudash at the same place at the same time.

After the jury trial, appellant was found guilty of aggravated robbery and kidnapping, but was found not guilty of the accompanying firearm specifications. Prior to sentencing, appellant's motion to prohibit sentencing on allied offenses of similar import was overruled. On May 16, 1994, appellant was sentenced to five to fifteen years for the kidnapping and ten to twenty-five years for the aggravated robbery. The within appeal followed.

## II. ASSIGNMENTS OF ERROR

Appellant sets forth two assignments of error for our review, the first of which alleges:

"The Trial Court erred in that the verdict reached by the jury was against the manifest weight of the evidence presented during the trial and the evidence was insufficient to support the verdict, thus denying the Defendant–Appellant of his due process of law and right to a fair trial."

Sufficiency of the evidence and weight of the evidence are governed by different standards. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546. Sufficiency is a question of law regarding the adequacy of the evidence. *Id.* In the case at bar, the trial basically revolved around two

different stories about the same event, either one of which, if believed, is sufficient evidence to prove or disprove the prosecution's case. Therefore, the issue is credibility or weight, rather than sufficiency.

Weight of the evidence deals with "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." *Id.* at 387, 678 N.E.2d at 546. To reverse the jury's verdict as against the manifest weight of the evidence and order a new trial, this court must act unanimously as a "thirteenth juror" who disagrees with the jury's decision on testimony conflicts. *Id.* More specifically, our Supreme Court has stated:

"The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Id.*, citing *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 218–219, 485 N.E.2d 717, 720–721.

Appellant argues that Dudash's testimony accusing him of kidnapping and robbing her is incredible. We agree that it is rare, but not incredible, that a defendant would choose to rob someone with whom he is acquainted in broad daylight. Although the reasonable inferences that can be drawn from the evidence may seem to lean toward appellant's version of the occurrences, we cannot say that "the evidence weighs *heavily* against the conviction."

Furthermore, judging the credibility of trial witnesses is primarily the responsibility of the jury. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212; *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O.2d 366, 197 N.E.2d 548. When there exist two fairly reasonable views of the evidence, we may not choose which view we prefer. Instead, we must accede to the jury, which "is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal Co., Inc. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410, 461 N.E.2d 1273, 1276.

Because the deciding factors in the present case predominately rely upon determinations of appellant's and Dudash's credibility, we defer to the jury's judgment on those witnesses' character traits relating to truthfulness. Accordingly, appellant's first assignment of error is overruled.

Appellant's second assignment of error provides:

"The trial court erred in denying Defendant–Appellant's motion to prohibit sentencing on allied offenses, therefore denying Defendant–Appellant of his due process and his right to a fair trial."

Appellant cites R.C. 2941.25, which provides:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or [the exception to (A)] where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

A two-tiered case-by-case analysis is utilized to determine whether two crimes are allied offenses of similar import. The analysis of the particular facts and circumstances of each case consists of a comparison of the elements of each crime and a determination of whether the offender possessed a separate animus or ill will as to each crime. *Newark v. Vazirani* (1990), 48 Ohio St.3d 81, 83, 549 N.E.2d 520, 521–522. If the elements correspond to such a degree that the commission of one crime will result in the commission of the other crime, then the court proceeds to analyze the animus. *Id.* However, if the elements of each crime do not correspond to such a degree, then the offenses are not allied and the court need not analyze the animus. *State v. Mitchell* (1983), 6 Ohio St.3d 416, 6 OBR 463, 453 N.E.2d 593.

Accordingly, we begin comparing the elements of the crimes of which appellant was convicted. The elements of aggravated robbery that pertain to appellant's conviction are (1) committing a theft offense (2) while having and displaying a deadly weapon. R.C. 2911.01(A)(1). The elements of kidnapping that pertain to appellant's conviction are (1) using a threat (2) to either remove a person from the place where that person is found or restrain the liberty of the person (3) in order to facilitate the commission of a felony. R.C. 2905.01(A)(2).

Every robbery necessarily involves a kidnapping due to the restraint of the victim's movements during the robbery. See *State v. Reynolds* (1998), 80 Ohio St.3d 670, 682, 687 N.E.2d 1358, 1371; *State v. Waddy* (1992), 63 Ohio St.3d 424, 448, 588 N.E.2d 819, 837; *State v. Logan* (1979), 60 Ohio St.2d 126, 130, 14 O.O.3d 373, 375–376, 397 N.E.2d 1345, 1348–1349. However, a mere momentary restraint of movement during a "standstill" robbery is distinguishable from appellant's asportation of the robbery victim in her vehicle before robbing her. The former involves two crimes with corresponding elements because, in order to

commit the armed theft, a robber *must* detain the victim. On the contrary, a robber need not transport a victim to commit a robbery, as appellant did.

Because a robbery does not necessarily require asportation, and the asportation in the case at bar was more than merely incidental to the robbery, the offenses have dissimilar elements under the specific facts at hand. The asportation of Dudash was most likely done to facilitate escape after the robbery. See *State v. Brown* (1984), 12 Ohio St.3d 147, 12 OBR 186, 465 N.E.2d 889 (holding that robbery and kidnapping have separate elements under the facts of the case if the victim is tied up to facilitate escape); *Reynolds, supra* (holding that robbery and kidnapping are not allied if the defendant ties the victim up and restrains the victim for a long period of time because extreme restraint is unnecessary to commit robbery).

Moreover, in order to invoke the protection of R.C. 2941.25(A), a defendant "must show that the prosecution has relied upon the same conduct to support both offenses." *Logan, supra* 60 Ohio St.2d at 128, 14 O.O.3d at 374, 397 N.E.2d at 1348. In the case *sub judice*, the kidnapping conviction is based upon the fact that appellant ordered Dudash to drive to a different location so that he could commit a felony upon her, that being aggravated robbery. However, the aggravated robbery conviction is based upon different facts: the possession and display of a gun plus the theft of money. In accordance, the prosecution did not rely upon the same conduct by appellant to support both offenses.

Because the first tier of *Newark*, 48 Ohio St.3d 81, 549 N.E.2d 520, is not satisfied, we need not address the second tier of the analysis. *Mitchell, supra* (stating that if the elements do not correspond to such a degree that commission of one crime will result in commission of the other, then inquiry into whether the crimes were committed with separate animus is unnecessary). Therefore, appellant's crimes of aggravated robbery and kidnapping are not allied offenses of similar import and should not be merged under the facts of this case. Appellant's second assignment of error is overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

GENE DONOFRIO, P.J., and COX, J., concur.