OPINION
Defendant-appellant Thomas J. Odorizzi appeals his conviction from the Belmont County Common Pleas Court finding him guilty of felony failure to comply with an order or signal of a police officer and driving under the influence. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF FACTS
At approximately midnight on October 1, 1999, Odorizzi was operating his vehicle on Main Street in St. Clairsville, Ohio. Officers Arbenz and Stewart were separately located in the vicinity where Odorizzi was operating his car. Officer Arbenz noticed that the headlights on Odorizzi's car were not illuminated, and motioned to Odorizzi to turn on his lights. When Odorizzi failed to turn on his lights, Officer Arbenz activated his overhead lights and sirens and pursued Odorizzi.
Odorizzi proceeded down Main Street and ran the red light at the Marietta Street intersection, where Officer Stewart was located. Odorizzi's car almost collided into Officer Stewart's patrol car. Officer Stewart activated his sirens and overhead lights and proceeded to chase Odorizzi. Officer Stewart estimated that Odorizzi was traveling at 65 to 70 mph in a 25 mph zone.
When Odorizzi finally came to a stop, he was removed from the car. Both officers believed Odorizzi was intoxicated. Odorizzi smelled of alcohol, his speech was loud and slurred, and his eyes were glassy. He could not stand up and was very uncooperative with the officers. No breathalyzer or field sobriety tests were performed on Odorizzi.
Odorizzi was brought to trial for fourth degree felony failure to comply with the signal of a police officer in violation of R.C. 2921.333(B), operating a motor vehicle while under FRA suspension in violation of R.C. 4511.13, and operating a motor vehicle while intoxicated in violation of R.C. 4511.19(A)(1). The jury found Odorizzi guilty on all three counts. Odorizzi timely appealed his convictions of felony failure to comply and driving while intoxicated.
Odorizzi sets forth two assignments of error, the first of which contends:
 "THE JURY ERRED IN REACHING A VERDICT OF GUILTY ON THE BASIS THAT THERE WAS INSUFFICIENT EVIDENCE TO FIND THE APPELLANT GUILTY BEYOND A REASONABLE DOUBT AND THE JURY'S GUILTY VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Odorizzi raises both a sufficiency of the evidence argument and a manifest weight of the evidence argument regarding the felony failure to comply conviction and the driving under the influence conviction. The failure to comply and driving under the influence conviction will be addressed separately. However, since Odorizzi raises manifest weight and sufficiency under both of these convictions, those arguments will be addressed together.
The Ohio Supreme Court has stated that "sufficiency of the evidence" and "weight of the evidence" are not synonymous. State v. Thompkins
(1997), 78 Ohio St.3d 380. In viewing a sufficiency of the evidence argument, a conviction will not be reversed unless the reviewing court holds that no rational trier of fact could have found that the elements of the offense were proven beyond a reasonable doubt. State v. Goff
(1998), 82 Ohio St.3d 123, 138. The court must view the evidence in the light most favorable to the prosecution. Id. Whether or not the state presented sufficient evidence is a question of law dealing with adequacy.Thompkins, 78 Ohio St.3d at 386.
Weight of the evidence, on the other hand, is an examination of the greater amount of credible evidence offered in a trial to support one side of the issue rather than the other. Tibbs v. Florida (1982),457 U.S. 31, 41-43. To determine whether a verdict is against the manifest weight of the evidence, the court will view the entire record and weigh the evidence and all reasonable inferences, and consider the credibility of the witnesses. Id. Weight given to the evidence and to credibility of the witnesses are primarily a determination for the trier of fact. Goff, 82 Ohio St.3d at 139. The discretionary power to grant a new trial should only be exercised in the exceptional case in which the evidence weighs heavily against the conviction. State v. Gore (1999),131 Ohio App.3d 197, 201.
 A. FELONY FAILURE TO COMPLY
To sustain a conviction for felony failure to comply with an order of a police officer, the state has to prove beyond a reasonable doubt the elements listed in R.C. 2921.331. The state must prove that Odorizzi willfully fled or eluded a police officer while receiving a visible or audible signal to bring the vehicle to a stop. R.C. 2921.331(B). The state also has to prove that the operation of the motor vehicle caused a substantial risk of physical harm to persons or property. R.C. 2921.331(C). A strong possibility that harm could occur creates the mental culpability. State v. Semenchuk (1997), 122 Ohio App.3d 30, 47.
The state presented evidence establishing that Odorizzi was being pursued by two cruisers with their overhead lights flashing and sirens sounding. Odorizzi's own witness, Edward Lorinski, the passenger in his car, remembers flashing lights. The evidence further indicated that Odorizzi was driving at 60 to 70 mph in a 25 mph zone, driving without his headlights illuminated and running red lights.
In contrast to the foregoing evidence, Odorizzi claims that he presented unrefuted evidence that his throttle was "sticking" which purportedly was the reason for his inability to stop the vehicle. Timothy Hendershot, a mechanic who testified, stated that the way the wires were frayed could cause a throttle to stick.
This presents our court with two different versions of what happened that night. Where there exists conflicting testimony, either of which version may be true, we may not choose which view we prefer. Gore,131 Ohio App.3d at 201. Instead we must accede to the finder of fact who is in the best position to view the witnesses and observe their demeanor, gesture and voice inflections, and use these observational skills to weigh the credibility of the testimony. Seasons Coal Co., Inc. v.Cleveland (1984), 10 Ohio St.3d 77, 80.
We find that Odorizzi does not prevail on either the sufficiency of evidence or manifest weight of evidence arguments. The state presented sufficient evidence that a rational trier of fact could have found that the elements were proved beyond a reasonable doubt. Furthermore, the evidence does not weigh heavily against the conviction. The manner in which Odorizzi was driving created a strong possibility that an accident may occur. His actions that night placed himself and his passenger in jeopardy.
 B. DRIVING UNDER THE INFLUENCE
Next, Odorizzi claims that his conviction for driving under the influence was an error due to lack of sufficient evidence and it was against the manifest weight of the evidence. Ordorizzi was convicted of R.C. 4511.19(A)(1). This section of the statute does not require a threshold blood alcohol concentration level to convict. R.C. 4511.19(A)(1). It only requires that the person operated a vehicle under the influence of alcohol or drugs. R.C. 4511.19(A)(1).
Both officers thought that Odorizzi was intoxicated when he was removed from the car. Officer Arbenz stated that the manner in which Odorizzi was driving was a red flag that he was driving under the influence. Both officers stated that Odorizzi could not stand on his own, his speech was loud and slurred, and his eyes were glassy.
Odorizzi complains that he was not informed of his rights if he refused to take the breathalyzer test until over two hours after the offense had occurred. The state claims that Odorizzi refused to take the breathalyzer test or any field sobriety tests. Both officers testified that they were unable to perform any tests due to the violent uncooperative nature of Odorizzi. Regardless of whether Odorizzi's violent uncooperative behavior was a refusal, sufficient evidence was presented to find Odorizzi guilty of driving under the influence. R.C. 4511.19(A)(1) does not require a breathalyzer to find a defendant guilty of driving under the influence. Based on the officer's observation of Odorizzi's erratic driving, the odor of alcohol emitting from his person, the observation of his unsteady walk, and his uncooperative behavior that did not allow the officers to perform field sobriety tests, is more than enough to conclude that the evidence was neither insufficient nor against the manifest weight. SeeState v. Beall (Mar. 8, 1999), Belmont App. No. 94B43, unreported. As such, Odorizzi's first assignment of error lacks merit.
Odorizzi's second assignment of error contends:
 "THE TRIAL COURT ERRED IN FAILING TO INSTRUCT THE JURY ON THE LESSER INCLUDED OFFENSE OF FELONY CHARGE OF FAILURE TO COMPLY."
The Ohio Supreme Court has stated a three part test to determine if an offense is a lesser included offense. State v. Deem (1988),40 Ohio St.3d 205, syllabus. The first element is that the offense carries a lesser penalty than the other. Id. The second element is that the greater offense cannot, as statutorily defined, ever be committed without the lesser offense also being committed. Id. The third prong is that some element of the greater offense is not required to prove the commission of the lesser offense. Id. Misdemeanor failure to comply is the lesser included offense of felony failure to comply.
An instruction of the lesser included offense is only required where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction on the lesser included offense. State v. Thomas (1988), 40 Ohio St.3d 213, syllabus. A lesser included offense instruction is not required unless the trier of fact could reasonably find against the state and for the accused upon one or more elements of the crime charged, and for the state and against the accused on the remaining element, which would result in a conviction of the lesser included offense. Id. at 217.
The state provided evidence that Odorizzi caused a substantial risk of injury to persons or property. Both officers testified that Odorizzi was driving without his headlights illuminated. Both officers and Odorizzi testified that he was speeding. Odorizzi and Officer Stewart stated that Odorizzi ran a red light. Officer Stewart stated that Odorizzi almost hit him when he ran the red light. Officer Stewart also stated that Odorizzi was occupying both lanes of the road while he was driving. The evidence presented at trial would not reasonably support an acquittal on the offense charged and would not reasonably support a conviction upon the lesser included offense. Id. at 218. Therefore, Odorizzi's second assignment of error lacks merit.
For the forgoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, J., concurs.
DeGenaro, J., concurs.