OPINION
Defendant-appellant Robert Dyke appeals from his conviction of criminal damaging which was entered after a bench trial in Mahoning County Court No. 4. For the following reasons, appellant's conviction is affirmed.
 STATEMENT OF FACTS
Appellant was charged with one count of criminal damaging in violation of R.C. 2909.06 for knowingly causing damage to the vehicle of William Sawhill on March 23, 1998. The case proceeded to a bench trial on February 18, 1999.
Mr. Sawhill testified that he and appellant fought with each other inside of Bill's Place in Austintown and both were ejected from the bar. He stated that he got in his truck to leave but appellant and others chased him in their truck and cut him off causing his vehicle to stop on Idaho Road. (Tr. 5-9). He testified that appellant approached his vehicle and kicked it, causing damage to the side of the vehicle. Mr. Sawhill then said that appellant threw a beer bottle at his vehicle causing damage to the back of his vehicle. (Tr. 13). He then related that appellant followed him to his apartment and later threw another beer bottle at his vehicle, damaging an external visor. (Tr. 15). Mr. Sawhill also submitted estimates that established damages in an amount over $1,700.
Mr. Sawhill's wife testified that when her husband got home that night and told her the story, she went outside to inspect the damage which had not been there before he left. At that point, a red truck drove up and threw the beer bottle which damaged the visor on the vehicle. She identified appellant as the person she saw throw the bottle. (Tr. 34, 42).
The officer who took the police report testified that Mr. Sawhill told him that after being ejected from the bar, he walked home to get his keys which he left in the bar. The officer stated that Mr. Sawhill told him that he then returned to the bar to get his truck and determine why appellant jumped him. The officer then opined that the damage to Mr. Sawhill's truck was consistent with the story about kicking and beer bottles. He testified that the damage was not consistent with a traffic accident or any other driving mishap. (Tr. 53).
The defense called Natalie Breckner to the stand. She testified that appellant tackled Mr. Sawhill to protect her from Mr. Sawhill's threats. She confirmed that both men were ejected. She testified that some time after the men were ejected, she, her husband, and appellant's girlfriend went outside to the parking lot. She stated that appellant and his girlfriend approached Mr. Sawhill's truck which was stopped on Idaho Road. She then witnessed appellant punch Mr. Sawhill through the open window of his truck. (Tr. 60). She testified that Mr. Sawhill then drove through the parking lot in an attempt to hit them with his vehicle. She related how the four got in a truck and followed Mr. Sawhill home. She claimed that appellant never touched Mr. Sawhill's vehicle, no beer bottles were thrown at it, and they never cut Mr. Sawhill off. (Tr. 60-61, 72).
Appellant's testimony was similar to that of Ms. Breckner, except he placed Ms. Breckner's husband on Idaho Road with him when he twice punched Mr. Sawhill in the face for "getting smart." (Tr. 80). Appellant admitted chasing Mr. Sawhill but denied cutting him off or damaging his vehicle.
The court found appellant guilty. On May 25, 1999, the court sentenced appellant to sixty days in jail with fifty-seven days suspended. The court fined appellant $50 and ordered him to pay restitution to the victim. Appellant filed timely notice of appeal. This appeal was dismissed in August 2001 for failing to file a brief. On counsel's motion, we reinstated the appeal in October 2001. The state initially argues that appellant's sole assignment of error cannot be addressed because the transcript had not been filed at the time of the brief. However, the transcript of proceedings was filed with this court on January 7, 2002.
 ASSIGNMENT OF ERROR
Appellant's sole assignment of error complains that the state's evidence was insufficient and that the court's decision was against the manifest weight of the evidence. We should note that the legal arguments presented suggest a misunderstanding of the application of the doctrines of sufficiency and weight.
Sufficiency of the evidence and weight of the evidence are doctrines governed by different standards. State v. Thompkins (1997),78 Ohio St.3d 380. As such, they should be set forth in separate assignments of error, each with their own legal support and arguments.
Sufficiency is a question of law regarding adequacy of the evidence. In determining this question of law, we view the evidence in the light most favorable to the state and determine whether any rational fact-finder could find the essential elements beyond a reasonable doubt. State v.Goff (1998), 82 Ohio St.3d 123, 138. In the present case, the trial basically revolved around two different stories about the events occurring subsequent to ejectment from the bar. Where there are two conflicting stories and one, if believed by a rational trier of fact, proves the prosecutor's case, the issue is one of weight or credibility rather than sufficiency. State v. Gore (1999), 131 Ohio App.3d 197.
Here, there were two versions, either of which a rational person could believe. Mr. Sawhill's version, if believed, established all elements of the offense of criminal damaging. Hence, we shall proceed to appellant's main argument that the conviction is against the manifest weight of the evidence.
Weight of the evidence deals with the inclination of the greater amount of credible evidence to support one side of the issue over the other.Thompkins, 78 Ohio St.3d at 387. When there exist two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one we believe. Gore, 131 Ohio App.3d at 201.
Mr. Sawhill testified to the damage inflicted by appellant. The officer testified that the damage he viewed was consistent with Mr. Sawhill's story. Appellant admitted to approaching Mr. Sawhill's vehicle on Idaho Road and punching him twice in the face. Ms. Breckner confirmed this and conveniently omitted her husband's presence on Idaho Road. Appellant and Ms. Breckner admit to following Mr. Sawhill to his apartment and pulling over to the curb; this is consistent with the state's evidence of occurrences just prior to the second beer bottle being smashed into the truck. Mr. Sawhill's wife confirmed the throwing of the second beer bottle and the damage caused therefrom. She also identified appellant as the individual who threw the bottle.
Although a reasonable court could believe appellant's claim that he did not kick the vehicle or throw beer bottles, failure to do so is not against the manifest weight of the evidence. The trial court was in the best position to weigh evidence and judge the credibility of witnesses.State v. DeHass (1967), 10 Ohio St.2d 230, 231. The court was able to view the demeanor, voice inflections and gestures of the witnesses and decide if Mr. Sawhill or appellant and Ms. Breckner seemed to be telling the truth. See Gore, 131 Ohio App.3d at 201, citing Seasons Coal Co.,Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
For the foregoing reasons, appellant's conviction is hereby affirmed.
Waite, J., and DeGenaro, J., concurs.