OPINION
{¶ 1} Defendant-appellant Donnell Cuthbertson appeals from his conviction of murder with a firearm specification entered after a jury trial in the Mahoning County Common Pleas Court. The issues before us concern sufficiency of the evidence and weight of the evidence. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF FACTS {¶ 2} Appellant was indicted for aggravated murder with a firearm specification for the death of Marcus Mosley which occurred on January 9, 1997. Thereafter, appellant entered a guilty plea to murder with a firearm specification. However, he then attempted to withdraw his guilty plea. The trial court denied appellant's motion and sentenced appellant to three years of actual incarceration followed by fifteen years to life. This court reversed the trial court's denial of appellant's pre-sentence motion to withdraw the guilty plea and remanded the case for further proceedings. State v. Cuthbertson (Sept. 21, 2000), 7th Dist. No. 98CA133.
 {¶ 3} On remand, the case was tried to a jury. By verdict filed on March 26, 2001, the jury found appellant not guilty of aggravated murder but guilty of murder with a firearm specification. In an April 2, 2001 entry, appellant was sentenced to three years of actual incarceration on the gun specification followed by fifteen years to life in prison. Timely notice of appeal was not filed. However, this court permitted appellant to file a delayed appeal on November 28, 2001.
 ASSIGNMENT OF ERROR {¶ 4} Appellant's sole assignment of error provides:
 {¶ 5} "The trial court denied appellant due process under the Fourteenth Amendment due to the fact he was found guilty of murder, pursuant to R.C. 2903.0[2](A)(B) and a firearm specification pursuant to R.C. 2941.145(A) when said conviction was not based upon sufficient evidence displaying appellant's guilt beyond a reasonable doubt and the jury's verdict was insconsi[s]ent with the evidence and testimony presented at trial."
 {¶ 6} Appellant makes arguments concerning both weight and sufficiency of the evidence. We shall address those relevant to sufficiency of the evidence first.
 {¶ 7} Whether or not the state presented sufficient evidence is a question of law dealing with adequacy. State v. Thompkins (1997),78 Ohio St.3d 380, 386. The appellate court views the evidence in the light most favorable to the state and determines whether any rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. State v. Goff (1998), 82 Ohio St.3d 123,138, citing State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. We note here, for clarity in the appellate practice, thatJenks also contains statements that are no longer good law, such as whereJenks states that the test for weight and sufficiency are the same. The tests for sufficiency of the evidence and weight of the evidence are not the same. Thompkins, 78 Ohio St.3d at 386-387.
 {¶ 8} The relevant elements of murder are purposely causing the death of another. R.C. 2903.02(A). It is unknown why the text of appellant's assignment of error includes division (B) as well as division (A) as the jury was only instructed on the elements of murder as contained in R.C. 2903.02(A). Tr. 521-522. Nonetheless, the only element appellant contests is his identity as the shooter.
 {¶ 9} Appellant admitted to being at the location of the shooting. Testimony established that Marcus Mosley was arguing with the owner of the home where appellant was visiting. Testimony then established that appellant followed Mosley out of the house, argued with him outside, pulled out a gun, shot him once, and then shot him five to six more times after he collapsed. Two witnesses also testified that appellant reloaded his gun after this shooting.
 {¶ 10} All together, five eyewitnesses testified that appellant shot Marcus Mosley multiple times. Appellant was arrested shortly thereafter with gunshot residue on his hands. Appellant admitted that the .25 caliber handgun that was used to kill Mosley was his girlfriend's gun. This murder weapon was in appellant's possession the day of the shooting. In fact, as evidenced by a receipt, appellant purchased .25 caliber ammunition that morning. The weapon was later found at the house appellant admitted to entering after the shooting. More specifically, it was found in a room in which appellant admitted to being alone for some minutes.
 {¶ 11} Appellant testified in his own defense that he heard the shots, he did not fire the shots, and he did not know who fired the shots. He stated that after the shots, two brothers who testified against him came running in his direction with their other brother who did not testify. His defense revolved around implications that one of these brothers, most likely the non-testifying brother, shot the victim and that everyone was covering up for the shooter.
 {¶ 12} As noted, we review the evidence in the light most favorable to the state when conducting our sufficiency evaluation. "[I]n a review of sufficiency of the evidence, the court does not engage in a determination of the witnesses' credibility." State v. Kyser (Aug. 10, 2000), 7th Dist. No. 98CA144, quoting Goff, 82 Ohio St.3d at 139. As such, we basically assume the state's witnesses testified truthfully and determine if that testimony satisfies each element of the crime. SeeState v. Gore (1999), 131 Ohio App.3d 197, 200-201 (if trial revolves around two different stories about the same event, either one of which, if believed, is sufficient evidence to prove or disprove the case, then the issue is weight rather than sufficiency). Obviously, the evidence herein is sufficient to sustain appellant's conviction of murder.
 {¶ 13} This talk of credibility leads us into appellant's other (erroneously intertwined) argument. Weight of the evidence concerns the effect of the evidence in inducing belief. Thompkins,78 Ohio St.3d at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. In order to reverse a verdict as being against the weight of the evidence, a unanimous reviewing court must determine that the jury clearly lost its way and created a manifest miscarriage of justice. Id. A verdict is reversed on these grounds only in exceptional circumstances. Id. The weight of the evidence, including the credibility of witnesses, is primarily an issue for the fact-finder. State v. DeHass (1967),10 Ohio St.2d 230, 231. The fact-finder is in the best position to observe the demeanor, voice inflection, and gestures of the witnesses as they testify. Id. See, also, Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80.
 {¶ 14} Conflicting statements are a commonplace in trials. The jury apparently found the testimony of the five eyewitnesses to be more credible than that of appellant. The fact that there were some inconsistencies is not fatal to the state's case. In fact, the inconsistencies pointed out by appellant are minor or (as the state says) "ancillary" points. The jury heard any inconsistencies and determined that the consistencies in the stories far outweighed the inconsistencies. See State v. Williams (Mar. 20, 2000), 7th Dist. No. 98CA74 (responding to defendant's argument that eyewitness testimony was self-serving and internally and externally inconsistent). "The mere fact that inconsistencies exist as related to witness testimony does not in and of itself provide this court with sufficient grounds to order a new trial on the basis that the verdict was against the manifest weight of the evidence. If such were the case, few criminal convictions would survive on appellate review." Id. at 15.
 {¶ 15} In conclusion, after reading the trial transcript, we refuse to sit as the "thirteenth juror" who claims that the jury clearly lost its way and created a manifest miscarriage of justice when it chose to believe the testimony of five eyewitnesses over that of appellant. Accordingly, this assignment of error is overruled.
 {¶ 16} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
Donofrio and DeGenaro, JJ., concur.