OPINION
{¶ 1} Defendant-appellant Ronald Green appeals the decision of the Belmont County Court, Western Division, finding him guilty of two counts of furnishing alcohol to minors and sentencing him to one hundred eighty days in jail. The issues before us concern whether the court properly allowed the state to refresh its rebuttal witness's recollection, whether the decision was supported by sufficient evidence and by the weight of the evidence, and whether the court considered mitigating factors in sentencing appellant. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF FACTS {¶ 2} On December 12, 2002, a complaint was filed against appellant charging him with three counts of furnishing alcohol to a minor in violation of R.C. 4301.16(A), which is an unspecified misdemeanor. Two of the minors were alleged to be seventeen, and one was alleged to be thirteen. The case was tried to the court on February 25 and March 11, 2003.
 {¶ 3} Appellant's friend and codefendant, Bruce Stephens, testified for the state pursuant to a plea bargain. He stated that on November 22, 2002, appellant gave him money to buy a case of beer and six to twelve wine coolers. (Tr. 7, 13). He brought the alcohol to appellant's house. At some point that evening, the three minors appeared at the house. Mr. Stephens stated that he saw all three minors drink wine coolers. (Tr. 8).
 {¶ 4} One of the seventeen-year-olds testified that appellant offered her and her same-aged foster-sister wine coolers and that they drank them. (Tr. 25, 26, 31). She noted, however, that he did not offer anything to her thirteen-year-old foster-sister, who may have taken a sip of a wine cooler that night. (Tr. 31).
 {¶ 5} Appellant's friend, Steve Kuhn, then testified as an alibi witness for the defense that appellant was with him from early morning until 10:00 p.m. on November 22, 2002, first riding four-wheelers and then riding around town. (Tr. 12-16). Appellant, who is forty-four years old, confirmed Mr. Kuhn's testimony. Appellant insisted that the girls were never at his house. (Tr. 26).
 {¶ 6} In rebuttal, the state called the other seventeen-year-old, who related that she was at appellant's house nine or ten times in the past but only drank there one time. First, she advised that the date she drank there was November 24, 2002; however, she then changed this to November 22, 2002, after the state displayed her written statement. (Tr. 36). She confirmed that appellant offered her a wine cooler, and she agreed that he did not offer any alcohol to the thirteen-year-old. (Tr. 40).
 {¶ 7} At the close of all evidence, the state withdrew the count regarding the thirteen-year-old. The court then found appellant guilty of the two counts concerning the seventeen-year-olds. On March 25, 2003, the court sentenced appellant to one hundred eighty days on each count to run concurrently and then two years of supervised probation. The court also ordered that appellant have no contact with minors outside the presence of their parents. The within appeal followed.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 8} Appellant's first assignment of error provides:
 {¶ 9} "The trial court committed reversible error in permitting the state to improperly refresh the recollection of a rebuttal witness, thereby denying defendant's right to due process."
 {¶ 10} After appellant presented his alibi witness and his own testimony, the state called the second seventeen-year old to the stand to rebut their testimony. The following excerpt is relevant:
 {¶ 11} "Q. Okay. And do you recall when it was that you were at his house drinking?
 {¶ 12} "A. November 24, 2002.
 {¶ 13} "Q. The 24th?
 {¶ 14} "A. Uh-huh.
 {¶ 15} "Q. Not on the 22nd that's fine, I mean —
 {¶ 16} "A. Yeah. It was the 24th, I think it was.
 {¶ 17} "Q. You think it was the 24th?
 {¶ 18} "A. Yeah.
 {¶ 19} "Q. Okay do you recall being questioned by Children's Services and the Barnesville Police Department about being at Ronnie Green's house?
 {¶ 20} "A. Yes." (Tr. 36).
 {¶ 21} The state then marked this witness's statement as State's Exhibit 2 and showed it to the witness. (Tr. 36-37). The witness advised that she was mistaken when she testified to November 24. (Tr. 37). The witness then expressed certainty that the date in question was November 22, 2002. (Tr. 45).
 {¶ 22} Appellant claims that the trial court erred in allowing the state to refresh the witness's recollection with her prior written statement. The Supreme Court was faced with a case where the prosecutor referred various witnesses to their prior written statements, which were inconsistent with their trial testimony. State v. Ballew (1996), 76 Ohio St.3d 244, 254. The Court noted that counsel may use this technique under limited circumstances. Id. The Court then explained that pursuant to Evid.R. 607, the credibility of a witness may be attacked by the party calling the witness by means of a prior inconsistent statement upon a showing of surprise and affirmative damage. Id. The Court also stated that a party may refresh the recollection of a witness under Evid.R. 612 by showing him his prior statement. Id.
 {¶ 23} Here, defense counsel did not object to the state's use of the written statement to trigger the witness's memory. Accordingly, appellant is deemed to have waived any argument related to this issue. See Id.; Evid.R. 103(A)(i). Therefore, the matter can only be considered by this court pursuant to the doctrine of plain error. However, there is no indication that this court should embrace this discretionary doctrine. It is used by an appellate court only in exceptional circumstances to avoid a manifest miscarriage of justice. State v. Hughbanks,99 Ohio St.3d 365, 371, 2003-Ohio-4121. Regardless, we cannot utilize the doctrine of plain error because there is no error. Nothing indicates the state's use of the witness/victim's prior statement violated any rule of evidence under the circumstances existing in this case. See Ballew. This assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 24} Appellant's second assignment of error contends:
 {¶ 25} "The trial court's conviction of appellant on two (2) counts of providing alcohol to an underaged person, in violation of R.C. 4301.69(A), was against the manifest weight of the evidence."
 {¶ 26} Although the text of this assignment and some of the arguments and law within the assignment refer to weight of the evidence, appellant also speaks of the law surrounding the sufficiency of the evidence doctrine. As we have stated numerous times, sufficiency and weight are different concepts with different standards. State v. Thompkins (1997),78 Ohio St.3d 380, 386-87.
 {¶ 27} Sufficiency is a question of law dealing with the adequacy of the evidence. Id. at 386. In deciding this question of law, we view the evidence in the light most favorable to the state and determine whether any rational trier of fact could find the essential elements were proven beyond a reasonable doubt.State v. Goff (1998), 82 Ohio St.3d 123, 138. The essential elements here are that appellant furnished alcohol to a minor. R.C. 4301.69(A). Viewing all the evidence in the light most favorable to the state, a rational person could find that the two seventeen-year-olds drank alcohol offered to them by appellant.
 {¶ 28} Weight of the evidence deals with the inclination of the greater amount of credible evidence to support one side of the issue over the other. Thompkins, 78 Ohio St.3d at 387. The reviewing court determines whether the trier of fact clearly lost its way and created a manifest miscarriage of justice. Id. at 387. When there are two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one should be believed. State v. Gore (1999), 131 Ohio App.3d 197, 201.
 {¶ 29} As appellant notes, we have here a "he said/she said" scenario. Thus, he should realize that the trial court can choose which version to believe. The trial court was able to view the demeanor, voice inflections, and gestures of the witnesses testifying before it. Seasons Coal Co. v. Cleveland (1994),10 Ohio St.3d 77, 80. Hence, the trial court was in the best position to weigh the evidence and judge the credibility of witnesses. State v. DeHass (1967), 10 Ohio St.2d 230, 231. The trial court did not lose its way in believing the seventeen-year-olds over appellant and his alibi witness. In fact, it appears that appellant only argues that the verdict is against the weight of the evidence if we exclude the rebuttal evidence due to the arguments presented under his first assignment of error. This assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER THREE {¶ 30} Appellant's third assignment of error alleges:
 {¶ 31} "The sentence of the trial court violates R.C.2929.22(C) in that the court failed to consider mitigating Factors."
 {¶ 32} Appellant agrees that the trial court considered the factors in R.C. 2929.22(A) for determining whether to impose a prison term, a fine, or both for a misdemeanor. He claims, however, that the trial court failed to consider the mitigating factors as required by R.C. 2929.22(C). This section provides: "The criteria listed in divisions (C) and (E) of section 2929.12
of the Revised Code that mitigate the seriousness of the offense and that indicate that the offender is unlikely to commit future crimes do not control the court's discretion but shall be considered against imposing imprisonment for a misdemeanor."
 {¶ 33} R.C. 2929.12(C) provides factors mitigating the seriousness of the offense, including: (1) the victim induced or facilitated the offense; (2) the offender acted under strong provocation; (3) the offender did not cause or expect to cause physical harm to any person or property; and (4) there are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.
 {¶ 34} R.C. 2929.12(E) then provides factors mitigating any concerns of recidivism, including: (1) no prior delinquency adjudications; (2) no prior convictions; (3) leading a law-abiding life for a significant number of years; (4) circumstances not likely to recur; and (5) genuine remorse.
 {¶ 35} First, we point out that a court is not statutorily required to make specific findings on the record evincing that it considered the seriousness and recidivism factors. State v.Arnett (2000), 88 Ohio St.3d 208, 215. Next, we note that here, the court specifically stated that it considered the factors in R.C. 2929.22. (Tr. 5). The court also mentioned the factors that it found to support imprisonment. Finally, appellant does not specify what mitigating factors he believes apply here. Thus, he cannot demonstrate prejudice.
 {¶ 36} In fact, it appears that almost every mitigating factor listed above is inapplicable to appellant's case. Additionally, the court mentioned appellant's prior convictions, which explicitly work against at least two of the mitigating criteria. This assignment of error is overruled.
 {¶ 37} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Waite, P.J., concurs.
Donofrio, J., concurs.