OPINION
{¶ 1} Defendant-appellant Tracy McGowan appeals the judgment of the Jefferson County Common Pleas Court finding him guilty of complicity to trafficking in cocaine. The issues before us concern whether the state presented sufficient evidence of complicity and whether the jury verdict was against the manifest weight of the evidence. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF FACTS {¶ 2} On June 25, 2003, Steubenville police officers set up a controlled drug buy using a confidential informant. The informant advised police that he obtained a cellular telephone number off the street for a person called "Silk," said to be a black juvenile who regularly transported crack cocaine to Jefferson County from Chicago. (Tr. 139, 141, 161). The police listened while the informant called the number and asked for an "eight ball," which is said to be street terminology for an eighth of an ounce. (Tr. 73). The informant was told to call back in a half hour. When he called back, he again asked for an eight ball, agreed to pay $150, and arranged for the exchange to occur behind a car wash. (Tr. 74).
 {¶ 3} The informant was searched and wired. (Tr. 74-75). The police followed him to the car wash. After ten minutes, the informant called the number again to inquire about the delay. The seller asked the informant to come to an apartment complex downtown, but the informant refused. (Tr. 75-76). The informant was then told to call back. When he did so, the seller advised that he would need an extra $10 for the driver as requested by such driver, and a new agreement was reached requiring the informant to pay $160 total. (Tr. 76, 140).
 {¶ 4} Soon thereafter a maroon 1995 Buick LeSabre entered the car wash parking lot and pulled near the informant's vehicle. Four police officers and the informant observed two black males in the vehicle. The passenger, later identified as a Joseph Dennis, exited the vehicle and approached the informant. A video of the transaction from across the street showed an exchange and money being counted. (Tr. 86). The informant could also be heard counting out the money on the audio tape from the wire. Joseph Dennis was then seen reentering the maroon Buick with the money in his hand. The informant testified that he obtained a bag of crack cocaine from the passenger, which seemed to contain less than an eighth of an ounce. A forensic scientist confirmed that the bag contained only .51 of a gram of crack cocaine, which is approximately one forty-eighth of an ounce. (Tr. 109-110, 115).
 {¶ 5} As the vehicle left the scene, a marked police car followed it to run the license plate and determine who owned the car. They discovered that the vehicle was registered to Tracy McGowan, appellant herein. The marked car then turned and allowed an unmarked police vehicle to follow the vehicle. When the Buick made a left turn, Officer Hanlin, the driver of the unmarked car, identified appellant as the driver. (Tr. 77). Officer Hanlin knew appellant from prior experience. (Tr. 73). The officers passed on making an arrest at that time in order to protect the informant and to build a more encompassing case based upon more transactions. (Tr. 81).
 {¶ 6} On August 13, 2003, appellant was indicted on one count of trafficking in drugs, specifically .51 grams of crack cocaine. The offense was a fifth degree felony in violation of R.C. 2925.03(A)(1) and (C)(4)(a), which entails knowingly selling or offering to sell a schedule II substance in less than the bulk amount. The indictment contained a forfeiture specification for the Buick since it was used to commit or facilitate the commission of a felony drug offense.
 {¶ 7} On January 20, 2004, a jury found appellant guilty of complicity to trafficking in drugs and imposed the forfeiture specification. On February 23, 2004, the trial court sentenced appellant to twelve months in prison with a $250 fine. Appellant filed timely notice of appeal and then sought multiple extensions of time to file his brief.
 SSIGNMENT OF ERROR {¶ 8} Appellant's assignment of error and issue presented provide as follows:
 {¶ 9} "The jury verdict of guilty for the offense of complicity in trafficking in drugs was against the manifest weight of the evidence."
 {¶ 10} "The state of Ohio must prove each element of complicity in trafficking in drugs beyond a reasonable doubt."
 {¶ 11} Appellant combines arguments of weight and sufficiency as if they were one. As we have stated numerous times, the concepts are distinct. State v. Alicea, 7th Dist. No. 99CA36, 2002-Ohio-6907, at ¶ 26; State v. Griffin, 7th Dist. No. 2002-Ohio-6900, at ¶ 18. As is apparent in the Supreme Court's case cited by appellant, different standards apply to each argument. State v. Thompkins (1997),78 Ohio St.3d 380.
 {¶ 12} Sufficiency is a question of law dealing with whether or not the evidence is adequate to even be presented to the jury for deliberation on the weight of the evidence. Id. at 386. In determining sufficiency, we view the evidence in the light most favorable to the prosecution and determine whether any rationale trier of fact could find the essential elements proven beyond a reasonable doubt. State v. Goff
(1998), 82 Ohio St.3d 123, 138.
 {¶ 13} The essential elements of the trafficking in drugs offense that appellant was convicted of are: knowingly selling or offering to sell cocaine. R.C. 2925.03(A)(1), (C)(4)(a). The complicity involved herein requires aiding or abetting another in committing the principal offense while acting with the kind of culpability required for the principal offense. R.C. 2923.03(A)(2).
 {¶ 14} In this appeal, appellant only takes issue with whether the evidence supports a finding of the intent required for complicity. Specifically, he contends that the state presented insufficient evidence that he knew Joseph Dennis was engaged in a drug transaction when he drove him to and from the car wash parking lot. He notes that mere association with the principal is not enough to prove complicity.
 {¶ 15} Aiding and abetting is defined as assisting or facilitating the commission of a crime or promoting its accomplishment. State v. Johnson
(2001), 93 Ohio St.3d 240, 243, citing Black's Law Dictionary (7 Ed.Rev. 1999) 69. The mere presence of the defendant at the crime scene is insufficient in itself to prove aiding and abetting. Id., citing Statev. Widner (1982), 69 Ohio St.3d 267, 269.
 {¶ 16} However, merely because there is no proof that a defendant articulated his intent will not invalidate his conviction. Id. at 245. "Participation in criminal intent may be inferred from presence, companionship and conduct before and after the offense is committed." Id., quoting State v. Pruett (1971), 28 Ohio App.2d 29, 34. The Supreme Court succinctly concluded in Johnson:
 {¶ 17} "[T]o support a conviction for complicity for aiding and abetting pursuant to R.C. 2923.03(A)(2), the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal. Such intent may be inferred from the circumstance surrounding the crime." Id. at 245-246.
 {¶ 18} Here, viewing the evidence and the rational inferences which could be made from such evidence, some reasonable juror could find more than mere presence in this case. First, appellant was not a passive passenger. Rather, he was the driver.
 {¶ 19} Additionally, there was only a short time between the phone call where the dealer requested a new location and the call where the dealer requested more money for the driver, allowing one to make certain inferences such as that the driver was present when the dealer was speaking about drugs. Finally, the seller advised that $10 of the $160 drug money was required to pay the driver at the driver's request. One could construe the timing and content of the phone call and appellant's demand for a $10 fee for driving a few minutes to the drug deal as establishing that he knew the event's characteristics.
 {¶ 20} This is especially true when combined with the drug dealer's open and obvious attitude towards the sale. He absolutely did not try to hide his actions. The exchange of a bag and money is clear for all to see, including the police officers on the hill above and a nearby pedestrian. Appellant could easily observe the transaction, and the dealer had no qualms about appellant's involvement and his bearing witness to the transaction.
 {¶ 21} Thus, appellant engaged in the unusual acts of: driving behind a car wash and stopping by an unfamiliar vehicle; charging $10 for this short ride, which amount was paid not by the passenger but by the occupant of the other car; waiting for his passenger to alight from his vehicle with a bag of drugs and approach the other vehicle in broad daylight for a short but noticeable exchange; and observing his passenger reenter his vehicle holding $160 in cash.
 {¶ 22} Circumstantial evidence and direct evidence can be equally probative of intent in a complicity case such as this. State v. Moore, 7th Dist. No. 92CA152, 2004-Ohio-2320, citing State v. Jenks (1991),61 Ohio St.3d 259, 272 and In re Washington (1998), 81 Ohio St.3d 337, 340. Considering all of the facts and circumstances herein in the light most favorable to the prosecution, some reasonable juror could decide beyond a reasonable doubt that appellant knew that he was driving Joseph Dennis to conduct a cocaine transaction. As such, the evidence was sufficient to establish complicity in trafficking cocaine.
 {¶ 23} We now move to the separate issue of whether the jury verdict was against the manifest weight of the evidence. Weight of the evidence concerns the effect of the evidence in inducing belief. Thompkins,78 Ohio St.3d at 387. In order to reverse a verdict as being against the manifest weight of the evidence, the reviewing court would have to unanimously sit as the "thirteenth juror" and determine that the true jury clearly lost its way and created a manifest miscarriage of justice requiring a new trial. Id.
 {¶ 24} Because credibility of the witnesses and weight of the evidence are questions primarily the province of the fact-finder, a verdict is reversed on manifest weight of the evidence grounds only in exceptional circumstances. Id.; State v. DeHass (1967), 10 Ohio St.2d 230, 231. The jury is typically said to occupy the best position to observe the demeanor, gestures, and voice inflection of the witnesses. Seasons CoalCo. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 25} Here, the jury chose to construe the evidence before it as establishing that appellant knew Joseph Dennis asked him for a ride to a car wash parking lot in order to sell cocaine. When there are two fairly reasonable views of the evidence, we do not choose which one is more believable. State v. Gore (1999), 131 Ohio App.3d 197, 201 (7th Dist.). We cannot find exceptional circumstances demonstrating a manifest miscarriage of justice regarding the jury's weighing of the evidence and inferences drawn.
 {¶ 26} Although various members of this court may have voted for acquittal if we were on the jury, this does not mean that we are willing to sit as thirteenth juror and override the true jury's verdict in this case. Reversal of a jury verdict on grounds of weight of the evidence requires a unanimous three judge panel, which requirement this court cannot meet. Thompkins, 78 Ohio St.3d at 389. Thus, any arguments concerning weight of the evidence are overruled.
 {¶ 27} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, P.J., concurs.
DeGenaro, J., concurs.