[Cite as *State v. Cassell*, **2016-Ohio-8260**.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 2016CA00012 |
| RICHARD CASSELL | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Court of Common Pleas, Case No. 2015CR0376 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | December 19, 2016 |
| APPEARANCES: | |

For Plaintiff-Appellee

JOHN D. FERRERO,
Prosecuting Attorney,
Stark County, Ohio

By: RONALD MARK CALDWELL
Assistant Prosecuting Attorney
Appellate Section

DANIEL J. PETRICINI
Assistant Prosecuting Attorney
110 Central Plaza, South – Suite 510
Canton, Ohio 44702-1413

For Defendant-Appellant

DONOVAN HILL
116 Cleveland Ave. North
Canton, Ohio 44702

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Richard Ryan Cassell appeals his convictions entered by the Stark County Court of Common Pleas on one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4), and one count of disseminating matter harmful to juveniles, in violation of R.C. 2907.31(A)(1). Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On January 25, 2014, M.C., the minor child of Appellant and his ex-wife, M.P., returned to M.P.'s residence after visitation with Appellant. At the time, Appellant lived with his parents in Uniontown, Ohio.

**{¶3}** Upon returning to M.P.'s residence, M.C. took a nap, and then asked her mother to talk. During their conversation, M.C. disclosed to her mother Appellant had physically picked her up and bit her butt cheek. She told her mother Appellant walked around naked and made her lick his nipples while he rubbed his penis. M.C. further stated Appellant showed her pornographic videos in the second living room of his parent's house. M.C. remarked the videos depicted people without clothes on, describing a "boy standing up and a girl on her knees," "doing sex" and "humping."

**{¶4}** As a result of M.C.'s statements, M.P. contacted the Stark County Sheriff's Office to report Appellant's conduct. The Stark County Sheriff's Office contacted Appellant and asked him to come to the Stark County Sheriff's Department for an interview. Appellant freely and willingly drove himself to the interview. During the interview, Appellant did not deny sexual contact with M.C. Rather, Appellant admitted to showing his children pornographic materials, including a magazine and cable television, to educate

them on the ways they could make money in the pornographic industry and for sexual education. Appellant continually directed blame toward his ex-wife, and different "parenting styles." When asked about M.C.'s statements relative to touching Appellant's private areas, Appellant did not deny the contact, instead explaining the family dynamic and his relationship with his ex-wife.

{¶5} The Stark County Sheriff's Department contacted the Children's Network ran by Akron Children's Hospital. A forensic interview of M.C. was conducted by the Children's Network on February 4, 2015. The interview was watched via closed circuit television by Megan Dahlheimer, a pediatric nurse practitioner, and the interview was conducted by Alissa Edgein, also a pediatric nurse practitioner. During the interview, M.C. disclosed multiple events of Appellant touching her breasts and vagina, both over and under her clothes, biting her buttocks, putting his finger in her mouth, exposing his genitals to her, lying on the bed nude and rubbing himself, making her rub his genitals, and making her and her siblings watch pornographic videos.

{¶6} The Stark County Grand Jury indicted Appellant on two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4), and two counts of disseminating matter harmful to juveniles, in violation of R.C. 2907.31(A)(1). One count each pertained to M.C., and one count each pertained to H.C., also a minor child of Appellant and M.P.

{¶7} The trial court conducted a competency hearing as to the two minor children, H.C. and M.C., on July 1, 2015. Via Judgment Entry of August 3, 2015, the trial court determined the two minor children were competent to testify at trial.

{¶8} At trial, M.C. testified her date of birth is November 1, 2006. She stated, when she visited with Appellant, they would sleep in the same twin bed. During her visits

with Appellant, she stated he would touch her "up here" and her "down part." She referred to her private areas as her "boobies and "wiener." She stated the touching was over and under her clothes. She further testified Appellant had her touch his boobies and lick them, while he rubbed his penis. He also put his finger in her mouth.

{¶9} M.C. testified Appellant had her and her siblings watch movies, where people were doing sex with their clothes off.

{¶10} H.C., M.C.'s brother, testified Appellant showed him and his siblings a video on Facebook with boobs. The video was a demonstration of "real and fake boobs."

{¶11} M.P., the minor children's mother, testified at trial M.C. told her Appellant picked her up and "bit her on the butt." M.C. told her Appellant would rub her front side with her pants were still on, would walk around naked, and would lie next to her on the bed naked making her lick his nipples while he rubbed his penis. She further stated the children told her Appellant made the children watch a pornographic movie and told the children it was his job to teach them about sex.

{¶12} Following the close of the State's case, Appellant moved the court for a Criminal Rule 29 acquittal as to the charges. The trial court granted Appellant's motion for acquittal as to the two counts pertaining to H.C. The trial proceeded only as to the two counts charged pertaining to M.C.: one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4) and one count of disseminating material harmful to a juvenile, in violation of R.C. 2907.31(A)(1).

{¶13} The jury found Appellant guilty of the charges, and the trial court sentenced Appellant to sixty months on the gross sexual imposition charge and twelve months on

the disseminating material harmful to juveniles charge. The trial court ordered the terms run consecutively. The trial court further designated Appellant a Tier II sex offender.

{¶14} Appellant assigns as error:

{¶15} I. APPELLANT'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

{¶16} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins,* 78 Ohio St.3d 380, 387, 1997–Ohio–52, 678 N.E.2d 541, quoting *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).

{¶17} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶18} Appellant was convicted of one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4), which reads,

> (A) No person shall have sexual contact with another, not the spouse
> of the offender; cause another, not the spouse of the offender, to have

sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:

\*\*\*

(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.

**{¶19}** Appellant was also convicted of one count of disseminating material harmful to a juvenile, in violation of R.C. 2907.31(A)(1), which reads,

(A) No person, with knowledge of its character or content, shall recklessly do any of the following:

(1) Directly sell, deliver, furnish, disseminate, provide, exhibit, rent, or present to a juvenile, a group of juveniles, a law enforcement officer posing as a juvenile, or a group of law enforcement officers posing as juveniles any material or performance that is obscene or harmful to juveniles;

**{¶20}** Appellant maintains he has an affirmative defense to the charge of dissemination as he utilized the media for a bona fide educational purpose with his minor children.

**{¶21}** R.C. 2907.31 (C)(1) states,

It is an affirmative defense to a charge under this section, involving material or a performance that is obscene or harmful to juveniles, that the

material or performance was furnished or presented for a bona fide medical, scientific, educational, governmental, judicial, or other proper purpose, by a physician, psychologist, sociologist, scientist, teacher, librarian, clergyman, prosecutor, judge, or other proper person.

{¶22} The burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense, is on the accused. R.C. 2901.05(A). Upon consideration of the evidence, we cannot say the jury clearly lost its way and created a manifest miscarriage of justice in rejecting Appellant's claim the materials were shown to M.C. for a bona fide educational purpose. Rather, viewing the evidence offered at trial in a light most favorable to the prosecution, a reasonable jury could have found the essential elements of the charges proven beyond a reasonable doubt.

{¶23} The evidence presented at trial, as set forth above, demonstrates M.C. told her mother Appellant "bit her in the butt;" put his finger in her mouth; exposed himself by walking around naked; touched her chest area and her vaginal area, over and under her clothes; and made her lick his nipples while he rubbed his penis. M.C. herself testified to the conduct at trial.

{¶24} Appellant was interviewed by the Stark County Sheriff's Department and did not deny the conduct. Rather, he explained "sex would be a part of her life" and he felt it was his duty to educate his children.

{¶25} Megan Dahlheimer and Alissa Edgein testified at trial as to the forensic interview conducted with M.C., and her statements relative to the sexual conduct.

**{¶26}** It is well established the trier of fact is in the best position to determine the credibility of witnesses. *See, e.g., In re Brown,* 9th Dist. No. 21004, 2002-Ohio-3405, 2002 WL 1454025, ¶ 9, *citing State v. DeHass,* 10 Ohio St.2d 230, 227 N.E.2d 212 (1967).

**{¶27}** Ultimately, "the reviewing court must determine whether the appellant or the appellee provided the more believable evidence, but must not completely substitute its judgment for that of the original trier of fact 'unless it is patently apparent that the fact finder lost its way.'" *State v. Pallai,* 7th Dist. Mahoning No. 07 MA 198, 2008-Ohio-6635, 2008 WL 5245576, ¶ 31, *quoting State v. Woullard,* 158 Ohio App.3d 31, 2004-Ohio-3395, 813 N.E.2d 964 (2nd Dist.2004), ¶ 81. In other words, "[w]hen there exist two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one we believe." *State v. Dyke,* 7th Dist. Mahoning No. 99 CA 149, 2002 WL 407847, at ¶ 13, *citing State v. Gore,* 131 Ohio App.3d 197, 201, 722 N.E.2d 125 (7th Dist.1999).

**{¶28}** Upon review of the evidence presented at trial, we cannot say the jury clearly lost its way in finding Appellant guilty of gross sexual imposition as to M.C., and we find the conviction is supported by the sufficiency of the evidence.

**{¶29}** As to Appellant's conviction for disseminating material harmful to a juvenile, Appellant himself admitted to showing the material to his children as part of sexual education and/or to educate them on ways to make money in the pornographic industry. M.C. testified as to her observations of the content of the material. Based thereon, we do not find the jury lost its way in convicting Appellant of the charge, and Appellant's conviction for dissemination is supported by the sufficiency of the evidence.

{¶30} Appellant's convictions in the Stark County Court of Common Pleas are affirmed.

By: Hoffman, P.J.

Wise, J.  and

Delaney, J. concur