OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellant, Karen Crawford, appeals the decision of the Municipal Court, Columbiana County, Ohio finding her guilty of operating a motor vehicle while impaired in violation of R.C. 4511.19 (a)(1)(A). Because the State failed to introduce evidence that Crawford was impaired while operating a vehicle, Crawford's conviction is vacated.
 {¶ 2} On April 12, 2005, Crawford was driving her car on State Route 518 around 5:22 p.m. Crawford lost control of her vehicle and crashed through a guardrail. The car rolled down a hill and stopped upside down in a creek. Crawford was removed from the car by the fire department. She was then taken to the East Liverpool City Hospital emergency room. Dr. Geoffrey Bull, who treated her, stated that he did not smell alcohol on her breath and her speech did not seem to be impaired. The doctor additionally stated that she was able to leave the emergency room under her own power.
 {¶ 3} Trooper Eric Carroll, the State's sole witness, testified that Crawford admitted to taking two Valium four hours prior to the accident. Trooper Carroll further testified that he performed a post collision investigation and determined that there was no other reason for the accident except for the impairment of the driver.
 {¶ 4} Crawford then testified that she did in fact take two Valium four hours prior to the accident and that she had been taking Valium for the past two years. She recently started seeing Dr. Sanu who prescribed Valium for her. Crawford testified that she ran out of the prescription and that Dr. Sanu instructed her that she could take two Valium which had been prescribed for her brother, Ron Hooper. She finally testified that prior to the accident she felt the front end of the car collapse as a result of a tire rod malfunction.
 {¶ 5} After the trial court took this evidence into consideration at a bench trial, it concluded that Crawford was driving while impaired and convicted her of driving while impaired. Crawford was sentenced to 20 days in jail, ordered to attend driving school and pay a fine of $550, in addition to a 180 day license suspension.
 {¶ 6} As her first assignment of error, Crawford claims:
 {¶ 7} "The trial court incorrectly found the Defendant guilty of operating a vehicle while impaired. Said conviction is against the manifest weight of the evidence because the burden of proof necessary for a finding of guilt had not been met by the Plaintiff-Appellee."
 {¶ 8} R.C. 4511.19(A)(1) states: "No person shall operate any vehicle, * * *, if any of the following apply: (1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse." Under R.C. 4729.01, drugs that "may be dispensed only upon a prescription" qualify as drugs of abuse under R.C. 4511 .19(A)(1). See R.C. 3799.011.
 {¶ 9} A "drug of abuse" is any controlled substance, dangerous drug, or even an over the counter medication that can result in an impairment of judgment or reflexes. State v.BoCook (Oct. 6, 1992), Ross App. No. 1813, unreported, citing the definition contained in R.C. 4506.01(L). Being "under the influence" is the result of a consumption of a substance which tends to deprive one of the clearness of intellect and control that he or she would otherwise possess. State v. Hardy (1971),28 Ohio St.2d 89, 276 N.E.2d 247. One can be "under the influence of a drug of abuse" even when taking a prescription medication in the prescribed amount if it impairs the person's ability to operate a motor vehicle. BoCook, supra; State v. Heil (1991),62 Ohio Misc.2d 540, 604 N.E.2d 1388.
 {¶ 10} In the present case, Crawford is correct in her assertion that there was insufficient evidence to convict her of driving under the influence as there is no evidence in the record that she was in any way impaired at the time of the accident. Although Crawford admitted to taking two Valium four hours prior to the accident, there was no testimony regarding the effects of the drug on her judgment or her reflexes. Also, there was no testimony regarding her demeanor or behavior prior to or immediately after the accident which would indicate she was impaired.
 {¶ 11} Essentially, the State claims that she had to have been impaired as there was no other explanation for the accident. However, it is not Crawford's duty to offer an explanation. Rather, it is the State's burden to prove that Crawford was impaired. Crawford's first assignment of error is meritorious.
 {¶ 12} Crawford's second assignment of error alleges:
 {¶ 13} "Defendant's counsel did not introduce relevant evidence that was available regarding evidence of not being impaired on the part of the defendant resulting in ineffective assistance of counsel."
 {¶ 14} This assignment of error is rendered moot due to the resolution of Crawford's first assignment of error.
 {¶ 15} Accordingly, the judgment of the trial court convicting Crawford of operating a motor vehicle while impaired in violation of R.C. 4511.19 (a)(1)(A) is hereby vacated.
Donofrio, P.J., concurs.
Waite, J., concurs.