OPINION *Page 2 
{¶ 1} Defendant-appellant Bruce Weaver appeals his felony conviction of operating a motor vehicle under the influence of alcohol that was entered after a jury trial in the Columbiana County Common Pleas Court. On appeal, he argues that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF FACTS {¶ 2} On October 25, 2006, appellant was involved in a two-vehicle crash in Salem. He had stopped at a stop sign but then pulled out in front of an oncoming vehicle. (Tr. 160). The side rear portion of his vehicle was struck by the oncoming vehicle whose driver testified that he was traveling twenty to twenty-five miles per hour in a twenty-five mile per hour zone. (Tr. 179, 319). It had been raining earlier that day. (Tr. 168). Appellant told the other driver and the responding officer that he lost his traction on wet leaves and thus failed to make it across the intersection. (Tr. 166, 238). When asked at trial, appellant at first only stated that wet roads caused him to lose traction. (Tr. 298). The other driver did not notice appellant's wheels spinning. (Tr. 169).
 {¶ 3} In questioning appellant about the accident, the officer smelled a moderate odor of an alcoholic beverage emanating from appellant's person. (Tr. 201). The officer described appellant's eyes as being bloodshot and glassy. (Tr. 202). He stated that appellant's speech was not necessarily slurred but noted that appellant's answers to questions were delayed. (Tr. 202-203). He was not efficient at producing his registration, and instead of proof of insurance, he provided the officer with a financial document from National City Bank. (Tr. 200). The officer believed that appellant was leaning on his vehicle for balance. (Tr. 203). The officer opined that the accident was not the result of wet leaves but was due to appellant's impaired judgment in timing the crossing or his failure to notice the oncoming vehicle. (Tr. 212). *Page 3 
 {¶ 4} Appellant was asked to perform field sobriety testing. He declined to take the walk-and-turn and one-leg stand, citing ear problems that caused poor equilibrium. (Tr. 233-234). Upon administering the horizontal gaze nystagmus (HGN) test, the officer discovered all six indicators of alcohol consumption. (Tr. 208). Appellant testified at trial that he had an ear infection at the time, and he elicited testimony from the officer that the HGN test can be affected by inner ear issues. (Tr. 205-206, 230, 293).
 {¶ 5} Appellant was cited for failure to yield and arrested for OVI. The officer reported that appellant refused the breathalyzer twice. (Tr. 219, 222-223). Appellant claimed at trial that he attempted to blow but could not produce a sufficient sample due to his asthma. (Tr. 294-298). However, the officer stated that such incident would have resulted in a breathalyzer receipt noting an invalid sample. (Tr. 324-325). Because appellant had previously been convicted of felony OVI, he was charged with a third degree felony.
 {¶ 6} The jury trial commenced on June 21, 2006. Appellant presented testimony that he worked from 6:00 a.m. until 2:00 p.m., went to the bank and gas station, picked up his girlfriend at 3:00, went to Wal-Mart, dropped off his girlfriend at 4:00 p.m., drove across town for cigarettes and was then involved in the accident at 4:15 p.m. He testified and his girlfriend agreed that he had nothing to drink that day. (Tr. 266, 287). He noted that he works in a machine shop and gets saturated with lube and hydraulic oil, which causes him to smell like those substances. (Tr. 291). This is also said to be the cause of his ear infections. (Tr. 283). Appellant then stated that he could not see the pen for the HGN test because he did not have his glasses. (Tr. 292).
 {¶ 7} The jury found appellant guilty as charged. He was sentenced to three years in prison, fined $5,000, deprived of his vehicle through forfeiture, permanently stripped of his license and ordered to enroll in a program after his release. He filed timely notice of appeal.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 8} Appellant sets forth two assignments of error, the first of which contends: *Page 4 
 {¶ 9} "THE JUDGMENT OF CONVICTION IS CONTRARY TO LAW AND TO THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, IN THAT THERE WAS INSUFFICIENT EVIDENCE ADDUCED TO ESTABLISH EACH AND EVERY ELEMENT OF THE OFFENSE BEYOND A REASONABLE DOUBT."
 {¶ 10} Appellant argues that there was insufficient evidence to establish that he was under the influence. Sufficiency of the evidence deals with adequacy rather than weight of the evidence. State v.Thompkins (1997), 78 Ohio St.3d 380, 386. In viewing a sufficiency of the evidence argument, a conviction will not be reversed unless the reviewing court determines that no rational juror could have found that the elements of the offense were proven beyond a reasonable doubt.State v. Goff (1998), 82 Ohio St.3d 123, 138. In conducting this review, we evaluate the evidence in the light most favorable to the prosecution. Id.
 {¶ 11} First, we have the traffic accident. Appellant notes that it was minor and blames it on wet leaves. However, it can still be viewed as some evidence of impairment; just not the only evidence. SeeState v. Crawford, 7th Dist. No. 06CO7, 2006-Ohio-4860. As the officer opined, one could find that appellant judged the timing wrong due to impairment or that he failed to notice the oncoming vehicle due to impairment. We also note that the other driver did not notice appellant's tires spinning.
 {¶ 12} Additionally, the officer testified to a moderate smell of alcohol about appellant's person at the scene and later at the station. (Tr. 201, 248). Appellant stated that he often smells like oil and lube from work but also admitted that these substances do not smell like alcohol. (Tr. 291, 306-307). Although the smell was not overwhelming, it is a factor to consider. Moreover, the officer described appellant's eyes as bloodshot and glassy. (Tr. 201-202). Appellant urges that this could be explained by the irritants he is exposed to at work. It can also be considered as indicia of alcohol consumption.
 {¶ 13} Furthermore, the officer testified that appellant's answers to questions were delayed. Although he "eventually" retrieved his registration, he produced a financial document from National City Bank instead of his proof of insurance. One could rationally believe that appellant was leaning on his car for balance, especially *Page 5 
when combined with his refusal to take the two balance-related field sobriety tests. These factors can all reasonably be considered as part of the overall picture of impairment. In addition, the HGN test revealed all six indicators of alcohol impairment.
 {¶ 14} Finally, the jury can consider his refusal to take the breathalyzer test as evidence favoring the state. Appellant's statement that he tried to blow but has asthma and his claims of ear and eye problems are weight of the evidence considerations as a rational person can disbelieve his testimony.
 {¶ 15} Contrary to appellant's argument, the facts herein are distinguishable from those in our recent Crawford case. InCrawford, there was no testimony from any witness concerning indicia of alcohol consumption or the driver's impaired condition. Id. As outlined above, there were various pieces of evidence presented here concerning indicia of alcohol consumption and impairment.
 {¶ 16} Construing all of the above evidence in the light most favorable to the prosecution, a rational juror could find that appellant was driving while under the influence of alcohol. As such, this assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 17} Appellant's second assignment of error alleges:
 {¶ 18} "THE JUDGMENT OF CONVICTION IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 19} Weight of the evidence deals with the inclination of the greater amount of credible evidence to support one side of the issue over the other. Thompkins, 78 Ohio St.3d at 387. The reviewing court determines whether the trier of fact clearly lost its way and created a manifest miscarriage of justice. Id. Where the criminal case was tried by a jury, only a unanimous appellate court can reverse on the ground that the verdict was against the manifest weight of the evidence. Id. at 389. This is only done in exceptional circumstances. Id. at 387.
 {¶ 20} When there are two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one should be believed. State v.Gore (1999), 131 Ohio App.3d 197, 201. Rather, we defer to the jury who was best able to weigh the evidence and judge the credibility of witnesses by viewing the demeanor, voice inflections, and gestures of *Page 6 
the witnesses testifying before it, including appellant himself. SeeSeasons Coal Co. v. Cleveland (1994), 10 Ohio St.3d 77, 80; State v.DeHass (1967), 10 Ohio St.2d 230, 231.
 {¶ 21} Considering the evidence set forth in the prior assignment of error, there is no indication that the jury clearly lost its way and created a manifest miscarriage of justice. The jury could properly weigh the officer's credibility and opinions on impairment as accurate and weigh appellant's credibility unfavorably. For instance, the jury could disbelieve that appellant's HGN test results were the result of an ear infection. They could disbelieve that appellant spun out on wet leaves and determine instead that the failure to yield the right of way was attributable to appellant's poor judgment or observation skills at the time. Further, the jury could disbelieve appellant's sequence of events after work and believe the officer's testimony that he smelled a moderate odor of alcohol. The jury could also choose to believe the officer's testimony over appellant's about the breath test refusal. There are no exceptional circumstances herein. This assignment of error is overruled.
 {¶ 22} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
 DeGenaro, P.J., concurs. Waite, J., concurs. *Page 1