[Cite as *State v. Lewis*, 2012-Ohio-4815.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97864**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DESMOND A. LEWIS

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-552831

**BEFORE:** Blackmon, A.J., Celebrezze, J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** October 18, 2012

**ATTORNEY FOR APPELLANT**

Alek El-Kamhawy
14837 Detroit Avenue, #227
Lakewood, Ohio 44107


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Mark J. Mahoney
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, A.J.:

{¶1} Appellant Desmond A. Lewis ("Lewis") appeals his conviction for felonious assault and assigns the following two errors for our review:

**I. The trial court erred in finding this appellant guilty without legally sufficient evidence and against the manifest weight of evidence presented at trial.**

**II. The trial court erred to appellant's prejudice in its jury instructions on self-defense and the duty to retreat when this appellant was immobilized by the assailant.**

{¶2} Having reviewed the record and pertinent law, we affirm Lewis's conviction. The apposite facts follow.

{¶3} The Cuyahoga County Grand Jury indicted Lewis on one count of felonious assault. Lewis entered a plea of not guilty, and a jury trial was conducted.

## Trial

{¶4} After an evening of drinking at several bars, Lewis and several other people went to the home of Jamal Davidson to continue drinking. At around 4:00 a.m., Lewis and the victim, Keith Brown, got into a verbal argument, which turned physical.

{¶5} At one point, Lewis and Brown were physically separated by other partygoers; however, Lewis continued to engage Brown. The altercation culminated in Lewis biting off the top part of Brown's left ear. Lewis did not deny that he bit Brown's ear, but contended that Brown was the aggressor and that he acted in self-defense.

**{¶6}** Based on the evidence presented, the jury found Lewis guilty of felonious assault. The trial court sentenced him to one year of community control sanctions and ordered Lewis to pay $12,346.05 for the medical expenses related to the victim's injury.

## Sufficiency of the Evidence and Manifest Weight

**{¶7}** In his first assigned error, Lewis argues his conviction for felonious assault was not supported by sufficient evidence and was against the manifest weight of the evidence because he acted in self-defense.

**{¶8}** This court has concluded that in reviewing a self-defense claim on appeal, we use the manifest weight of the evidence standard.

> **[W]hen reviewing a claim by a defendant that evidence supports his claim of self-defense, the manifest weight standard is the proper standard of review because a defendant claiming self-defense does not seek to negate an element of the offense charged but rather seeks to relieve himself from culpability.** *State v. Dykas,* 185 Ohio App.3d 763, 2010-Ohio-359, 925 N.E.2d 685 (8th Dist.), citing *Cleveland v. Williams*, 8th Dist. No. 81369, 2003-Ohio-31, ¶ 10. *See also State v. Wilson*, 8th Dist. No. 97350, 2012-Ohio-1952.

**{¶9}** In the instant case, Lewis does not deny that he bit off the top of Brown's ear; therefore, we need not address whether the elements of felonious assault have been proven. Instead, he argues he is not guilty because he acted in self-defense. Thus, we will review Lewis's argument using the manifest weight of the evidence standard.

**{¶10}** In *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, the Ohio Supreme Court addressed the standard of review for a criminal manifest weight challenge, as follows:

> **The criminal manifest-weight-of-the-evidence standard was explained in *State v. Thompkins* (1997), 78 Ohio St.3d 380, 1997 Ohio 52, 678**

**N.E.2d 541. In *Thompkins*, the court distinguished between sufficiency of the evidence and manifest weight of the evidence, finding that these concepts differ both qualitatively and quantitatively. *Id*. at 386, 678 N.E.2d 541. The court held that sufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support a verdict as a matter of law, but weight of the evidence addresses the evidence's effect of inducing belief. *Id.* at 386-387, 678 N.E.2d 541. In other words, a reviewing court asks whose evidence is more persuasive — the state's or the defendant's? We went on to hold that although there may be sufficient evidence to support a judgment, it could nevertheless be against the manifest weight of the evidence. *Id*. at 387, 678 N.E.2d 541. "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Id.* at 387, 678 N.E.2d 541, citing *Tibbs v. Florida* (1982), 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652.**

{¶11} An appellate court may not merely substitute its view for that of the jury, but must find that "in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678

N.E.2d 541. Accordingly, reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶12} To establish self-defense, Lewis must demonstrate by a preponderance of the evidence that (1) he was not at fault in creating the situation giving rise to the affray; (2) he had a bona fide belief that he was in imminent danger of great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) he must not have violated any duty to retreat or avoid danger. *State v. Williford*, 49 Ohio St.3d 247, 551 N.E.2d 1279 (1990). *See also State v. Robbins*, 58 Ohio St.2d 74, 388 N.E.2d 755 (1979), paragraph two of the syllabus. The elements of self-defense are cumulative and, if the defendant failed to prove any one of the elements by a preponderance of the evidence, he failed to demonstrate that he acted in self-defense. *Williford.*

{¶13} Lewis argues that Brown was at fault for creating the situation because Brown admitted to throwing the first punch. However, Brown testified that he punched Lewis in response to Lewis pushing him into the wall. Lewis also argues that Brown was not credible because he failed to tell the investigating officer that he threw the first punch, failed to provide the officer the names of witnesses, and failed to tell the officer that he was intoxicated at the time of the fight. The jury was aware of this inconsistency between Brown's testimony and his statement to police. Thus, it was within their discretion to determine if Brown was credible nonetheless.

{¶14} Moreover, in addition to Brown's testimony, the state presented the testimony of several witnesses who testified that both men were initially equally

aggressive, but that at one point, the men were separated and Lewis continued to aggressively pursue Brown.

{¶15}   Both Jamal Davidson and Michael Metz testified that near the end of the fight, they were able to separate Lewis and Brown, and that while Brown was on the front porch, Lewis broke free from the people restraining him and punched Brown.  At that point, both men struggled with each other and ended up rolling on the floor.   According to Davidson, Metz, and Brown, Brown ended up on top of Lewis, and Brown was bitten as Metz was holding Brown's arms in an attempt to pull him off of Lewis.

{¶16} Lewis presented a different version of facts.  His witness, Eric Farrow, testified that it appeared to him that Brown was more aggressive than Lewis and that Brown continued to punch Lewis until he was bitten.  Lewis testified that he felt the only way he could get Brown to stop punching him was to bite him.

{¶17}   Thus, the jury was presented with two versions of what occurred.  Lewis testified that Brown was the aggressor and would not stop attacking him until he bit his ear.  Brown contends that prior to being bitten, he was trying to leave and Lewis pursued him onto the front porch to continue the fight.  Brown also contended that Lewis bit him when he was defenseless because Lewis bit him when Metz was pulling him by both of his arms off of Lewis.

{¶18}   When there are two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one should be believed.  *State v. Gore*, 131 Ohio App.3d 197, 201, 722 N.E.2d 125 (7th Dist.1999). Rather, we defer to the jury who was best able to weigh the evidence and judge the credibility of witnesses by

viewing the demeanor, voice inflections, and gestures of the witnesses testifying. *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1994); *State v. DeHass*, 10 Ohio St.2d 230, 231, 227 N.E.2d 212 (1967). Therefore, we defer to the jury regarding the credibility of the witnesses. They obviously believed Brown and the state's witnesses' version of events. Accordingly, Lewis's first assigned error is overruled.

## Jury Instructions

{¶19} In his second assigned error, Lewis argues that the trial court erred by instructing the jury regarding a defendant's duty to retreat because he was not the aggressor.

{¶20} We note that Lewis failed to object to the trial court's instruction regarding the duty to retreat; therefore, he has waived all errors except plain error regarding the instructions. Crim.R. 52(B). Plain error as to jury instructions is proven when the outcome of the trial would have been different but for the alleged error. *State v. Campbell*, 69 Ohio St.3d 38, 1994-Ohio-492, 630 N.E.2d 339. We conclude plain error did not occur.

{¶21} As we stated above, while Lewis contended he was not the aggressor, the state presented evidence that Lewis initiated the physical fight by pushing Brown into the wall. He also followed Brown out onto the front porch when they had been separated to continue the physical assault. There was also evidence that he bit Brown's ear while Brown was in the midst of being pulled off of him. Therefore, there was evidence that Lewis was in fact the aggressor. Based on this evidence, plain error did not occur by the

trial court instructing the jury regarding the duty to retreat. Accordingly, Lewis's second assigned error is overruled.

**{¶22}** Judgment is affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
JAMES J. SWEENEY, J., CONCUR