[Cite as *State v. Cheatham*, 2014-Ohio-1547.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 13-COA-030 |
| EAFROM O. CHEATHAM | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal appeal from the Ashland Municipal
                                  Court, Case No. 13-CRB-469


JUDGMENT:                         Affirmed


DATE OF JUDGMENT ENTRY:           April 10, 2014

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

W. DAVID MONTAGUE                   MATTHEW MALONE
Assistant Law Director              11 1/2 East Second Street
1213 East Main Street               Ashland, OH 44805
Ashland, OH 44805

*Gwin, P.J.*

{¶1}  Appellant Eafrom O. Cheatham ["Cheatham"] appeals his convictions and sentences for five counts of theft in violation of R.C. 2913.02, misdemeanors of the first degree and one count of possessing criminal tools in violation of R.C. 2923.24, a misdemeanor of the first degree after a jury trial in the Ashland Municipal Court.

### Facts and Procedural History

{¶2}  Cheatham was charged with seven counts of theft and one count of possessing criminal tools as a result of stealing gasoline from a Circle K gas station on various occasions during February, March and April of 2013. The matter proceeded to jury trial on August 29, 2013.

{¶3}  On April 13, 2013, a Circle K cashier obtained the license plate of a silver Ford Focus suspected of being involved in drive-offs at the location. At trial, that employee, Tiffany Pirtle, testified that on April 13, 2013, she observed a silver Ford Focus during a time in which she was cleaning up the parking lot. Pirtle was able to obtain the license plate of the vehicle. In this instance, the driver of the vehicle did not steal any gas, but the vehicle returned on April 15 and April 20 and did successfully steal gas on those occasions. Pirtle authenticated and described a video of the April 20, 2013 event, which was viewed by the jury, and a "drive-off report" generated by her describing the event.

{¶4}  The Manager of the Circle K, Jill Kopchak, authenticated and described videos of February 2, February 6, March 2, March 10, March 26, and April 15, 2013 drive-offs. She also testified concerning the drive-off reports generated by store employees on each of those dates. These videos showed a black male matching the

description of Cheatham and the same silver Ford Focus. In each instance, the front license plate had been removed from the Ford Focus and car was driven into the station's parking lot and backed out of the parking lot so that store security cameras could not view the rear license plate. No witness ever identified the driver, but simply described him as a black male. The documentation of these drive-offs does not indicate the sex or race of the driver of the vehicle.

{¶5} Officer Kiley of the Ashland Police Department testified that on April 20, 2013 he executed a search warrant at Cheatham's residence. Officer Kiley found the silver Ford Focus matching the license plate number obtained by Tiffany Pirtle parked in front of Cheatham's home. When Officer Kiley explained to Cheatham that he had a warrant, Cheatham laughed and asked "for gas?" Officer Kiley then questioned Cheatham at the police department. Cheatham first claimed that he had paid for the gas with his debit card. He then changed this account to he paid for gas using his wife debit card. Cheatham then claimed that it was his son driving. Cheatham finally agreed with Officer Kiley that he had gone to the Circle K with intent to steal gas and had not paid for gas. Inside the residence, a 3XL red hooded sweatshirt, a 2XL plaid hooded sweatshirt and an XL back Carhart coat were obtained. This clothing was consistent with clothing worn by the suspect.

{¶6} Cheatham's daughter, Tiesha Cheatam testified that her brother sometimes drive's Cheatham's car. She further testifed that her mother did not have a debit card. Tiesha further testified that her father had taken her to apply for a job at the Circle K and to a job interview at the station. However, the dates did not correspond to any of the dates on which gasoline was stolen.

{¶7}   At the conclusion of the trial, the jury found Cheatham was guilty of five counts of theft and the single possessing criminal tools count. The jury found Cheatam not guilty on two of the theft charges, specifically the February 6 and March 2, 2013 offenses.

### Assignment of Error

{¶8}   Cheatham raises ones assignment of error,

{¶9}   "I. APPELLANT'S CONVICTIONS FOR THEFT IN VIOLATION OF OHIO REVISED CODE SECTION 2913.02, MISDEMEANORS OF THE FIRST DEGREE, AND FOR POSSESSING CRIMINAL TOOLS IN VIOLATION OF REVISED CODE SECTION 2923.24, A MISDEMEANOR OF THE FIRST DEGREE, WERE AGAINST THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

### Analysis

{¶10}  Our review of the constitutional sufficiency of evidence to support a criminal conviction is governed by *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which requires a court of appeals to determine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id.; see also *McDaniel v. Brown*, 558 U.S. 120, 130 S.Ct. 665, 673, 175 L.Ed.2d 582(2010) (reaffirming this standard); *State v. Fry*, 125 Ohio St.3d 163, 926 N.E.2d 1239, 2010–Ohio–1017, ¶146; *State v. Clay*, 187 Ohio App.3d 633, 933 N.E.2d 296, 2010–Ohio–2720, ¶68.

{¶11}  Weight of the evidence addresses the evidence's effect of inducing belief. *State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997), *superseded*

*by constitutional amendment on other grounds as stated by State v. Smith,* 80 Ohio St.3d 89, 684 N.E.2d 668, 1997-Ohio–355. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis sic.) Id. at 387, 678 N.E.2d 541, quoting Black's Law Dictionary (6th Ed. 1990) at 1594.

{¶12} When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "'thirteenth juror'" and disagrees with the fact finder's resolution of the conflicting testimony. Id. at 387, 678 N.E.2d 541, quoting *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). However, an appellate court may not merely substitute its view for that of the jury, but must find that "'the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, supra, 78 Ohio St.3d at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720–721(1st Dist. 1983). Accordingly, reversal on manifest weight grounds is reserved for "'the exceptional case in which the evidence weighs heavily against the conviction.'" Id.

"[I]n determining whether the judgment below is manifestly against

the weight of the evidence, every reasonable intendment and every

reasonable presumption must be made in favor of the judgment and the finding of facts.

* * *

"If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."

*Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191–192 (1978).

{¶13} There is no dispute in the case at bar that theft and possession of criminal tools as alleged had in fact occurred. Cheatham's first argument is that there was insufficient evidence to identify him as the perpetrator of those crimes.

{¶14} In the case at bar, it is true that no witness was able to identify Cheatham as having been the perpetrator of any of the offenses. However, evidence was submitted to tie him to the crimes.

{¶15} The car that Cheatham owned and drove was consistent with the vehicle involved in the drive-offs. When Officer Kiley observed it parked by Cheatham's home, he noticed that the front license plate was loose and could easily be removed by hand.

{¶16} In addition, Cheatham's interviews with the police show inconsistencies in his explanation. Cheatham told the police he used his debit card. He then switched to he had used his wife's debit card. He further inquired about striking a deal in exchange for his truthfulness.

{¶17} The jury was shown the video of each incident with which Cheatham was charged, the clothing taken from his home and photographs taken by Officer Kiley of Cheatham's car.

{¶18} Ultimately, "the reviewing court must determine whether the appellant or the appellee provided the more believable evidence, but must not completely substitute its judgment for that of the original trier of fact 'unless it is patently apparent that the fact finder lost its way.'" *State v. Pallai,* 7th Dist. Mahoning No. 07 MA 198, 2008-Ohio-6635, ¶31, *quoting State v. Woullard,* 158 Ohio App.3d 31, 2004-Ohio-3395, 813 N.E.2d 964 (2nd Dist. 2004), ¶ 81. In other words, "[w]hen there exist two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one we believe." *State v. Dyke,* 7th Dist. Mahoning No. 99 CA 149, 2002-Ohio-1152, at ¶ 13, *citing State v. Gore*, 131 Ohio App.3d 197, 201, 722 N.E.2d 125(7th Dist. 1999).

{¶19} The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212(1967), paragraph one of the syllabus; *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶118. *Accord, Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *Marshall v. Lonberger*, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983).

{¶20} The jury as the trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the jury may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or

sufficiency of the evidence". *State v. Craig*, 10th Dist. Franklin No. 99AP-739, 1999 WL 29752 (Mar 23, 2000) *citing State v. Nivens*, 10th Dist. Franklin No. 95APA09-1236, 1996 WL 284714 (May 28, 1996). Indeed, the jury need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Raver,* 10th Dist. Franklin No. 02AP-604, 2003-Ohio-958, ¶21, *citing State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964); *State v. Burke,* 10th Dist. Franklin No. 02AP-1238, 2003-Ohio-2889, *citing State v. Caldwell*, 79 Ohio App.3d 667, 607 N.E.2d 1096 (4th Dist. 1992). Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. *State v. Jenks*, supra.

**{¶21}** We find that this is not an "'exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins,* 78 Ohio St.3d at 387, 678 N.E.2d 541, *quoting Martin*, 20 Ohio App.3d at 175, 485 N.E.2d 717. The judge neither lost his way nor created a miscarriage of justice in convicting Cheatham of the charges.

**{¶22}** Based upon the foregoing and the entire record in this matter, we find Cheatham's convictions were not against the sufficiency or the manifest weight of the evidence. To the contrary, the jury appears to have fairly and impartially decided the matters before them. The jury as a trier of fact can reach different conclusions concerning the credibility of the testimony of the officer and Cheatham. This court will not disturb the jury's finding so long as competent evidence was present to support it. *State v. Walker*, 55 Ohio St.2d 208, 378 N.E.2d 1049 (1978). The jury heard the witnesses, evaluated the evidence, and was convinced of Cheatham's guilt.

**{¶23}** Finally, upon careful consideration of the record in its entirety, we find that there is substantial evidence presented which if believed, proves all the elements of the crimes beyond a reasonable doubt.

**{¶24}** Cheatham next argues that the verdicts are inconsistent because the jury found him not guilty of the February 6 and March 2, 2013 theft offenses.

**{¶25}** The United States Supreme Court has held that multiple counts of an indictment are not interdependent. Each count in an indictment is regarded as if it was a separate indictment. *State v. Hicks*, 43 Ohio St.3d 72, 78, 538 N.E.2d 1030(1989), citing *United States v. Powell*, 469 U.S. 57, 68, 105 S.Ct. 471, 83 L.Ed.2d 461(1984); see, also, *State v. Mapes*, 19 Ohio St.3d 108, 112–113, 484 N.E.2d 140(1985). Even if the verdicts were inconsistent, inconsistency of verdicts is not grounds to overturn a conviction. *Powell,* 105 S.Ct. at 476, 83 L.Ed.2d 461. A criminal defendant is afforded protection against jury irrationality or error by the independent review of the sufficiency of the evidence. Id. at 478.

**{¶26}** As we have previously discussed, Cheatham's convictions are not against the sufficiency of the evidence. Accordingly, we reject Cheatham's argument alleging inconsistent verdicts as it is based on different counts.

{¶27} Cheatham's sole assignment of error is overruled in its entirety, and the judgment of the Ashland Municipal Court, Ashland County, Ohio is affirmed.

By Gwin, P.J.,

Wise, J., and

Delaney, J., concur