[Cite as *State v. Green*, 2016-Ohio-8251.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2016 AP 04 0025 |
| KIP GREEN | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the County Court,
                             Case No. 2015CRB690


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      December 16, 2016


APPEARANCES:

For Plaintiff-Appellee               For Defendant-Appellant

JAMES J. ONG                         GERALD A. LATANICH
PROSECUTING ATTORNEY                 PUBLIC DEFENDER OFFICE
201 North Main Street, P.O. Box 272  153 North Broadway
Uhrichsville, Ohio  44683            New Philadelphia, Ohio  44663

*Wise, J.*

**{¶1}** Appellant Kip D. Green appeals his conviction on one count of domestic violence following a bench trial in the Tuscarawas County Court, Uhrichsville, Ohio.

**{¶2}** Appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶3}** On November 15, 2015, an incident occurred between Appellant Kip D. Green and his live-in girlfriend A.W. at the Fraternal Order of Eagles establishment located in Dennison, Ohio. As a result of this incident, Appellant was charged with one count of domestic violence.

**{¶4}** On April 6, 2016, a bench trial proceeded in this matter.

**{¶5}** Initially, we note that no transcript could be provided to this Court as no transcript of the proceedings exists. Appellant filed an Appellate Rule 9 statement, and the State filed objections to same. As a result, the trial court submitted the following as the record, pursuant to Appellate Rule 9(c):

The witness testimony was as follows:

1. Kristin Willis- she was the barmaid at the club on the night in question.

2. She did not see [A.W.] hit Kip Green nor did she see Kip Green hit [A.W.]. Kristin Willis did not hear any argumentative conversations between Kip Green and [A.W.]. She did not see any violent behavior between [A.W.] and Kip Green. She testified as to the bodily injuries suffered by [A.W.] on the date of the incident between the Appellee and [A.W.].

3. Kayla Amore's testimony was as follows: She was employed at the club but was not working that day. She was at the bar and was talking to [A.W.] and Kip Green as they all sat at the bar. Ms. Amore bought shots for Kip Green and [A.W.]. [A.W.] became upset due to Ms. Amore buying Kip Green shots and she left. Ms. Amore testified there was no violent behavior or argumentative words between Kip Green and [A.W.] before she left. Approximately one half hour later [A.W.] came back, she appeared drunk and upset. [A.W.] called Ms. Amore a slut. Ms. Amore testified Mr. Green was sitting at the bar and [A.W.] came up to him from the rear. [A.W.] hit Mr. Green with a slap to the back of the head and then hit Mr. Green in the face. Mr. Green did not respond. [A.W.] then walked away from Mr. Green and walked to the exit. [A.W.] came back to Mr. Green. There were no words exchanged between the parties that she remembered. Mr. Green got off his bar stool and stood up when [A.W.] came back at him. Mr. Green punched her in the face and left the bar. Ms. Amore state what [A.W.] did to Mr. Green was wrong, but that the actions of Mr. Green were wrong and unnecessary.

4. Officer Boitnott testified. Officer Boitnott did not see the altercation. He saw [A.W.] and testified as to her injuries. He testified that Mr. Green requested no charges be filed against [A.W.].

5. [A.W.] testified to the injuries she sustained due to the action of Mr. Green. She further testified that she and Mr. Green have a child together and that she and Mr. Green resided together on the date of the incident.

The State rested and the Defense raised the affirmative defense of self-defense on a Criminal Rule 29 Motion. The affirmative defense of self-defense was [only] met in [part] that:

1. There was no conduct verbal or physical by the Defendant that started the affray.

2. The witness stated [A.W.] hit Mr. Green two times. [A.W.] walked away and returned immediately at a fast pace towards the Defendant.

3. Mr. Green stood up and hit [A.W.] in the face one time and then left.

4. The defense raised the issue of there was no duty to retreat.

{¶6} At trial, the State also played the security camera footage of the incident.

{¶7} At the conclusion of trial, the trial court found Appellant guilty of domestic violence.

{¶8} Appellant now appeals, assigning the following error for review:

<u>ASSIGNMENT OF ERROR</u>

{¶9} "I. THE CONVICTION FOR DOMESTIC VIOLENCE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE DUE TO THE APPELLANT HAVING SHOWN BY A PREPONDERANCE OF THE EVIDENCE THE AFFIRMATIVE DEFENSE OF SELF-DEFENSE."

I.

{¶10} In his sole Assignment of Error, Appellant argues that his conviction was against the manifest weight of the evidence. We disagree.

**{¶11}** To find Appellant guilty of domestic violence, the trier of fact would have to find beyond a reasonable doubt that he knowingly caused or attempted to cause physical harm to a family or household member. R.C. §2919.25(A). Physical harm to persons is defined as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." "Family or household member" includes "A spouse, a person living as a spouse, or a former spouse of the offender" R.C. §2919.25(F)(1)(a)(i). A "person living as a spouse" includes "a person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabiting with the offender, or who otherwise has cohabited with the offender within five years prior to the date of the alleged commission of the act in question." R.C. §2919.25(F)(2).

**{¶12}** Appellant argues that he acted in self-defense. Self-defense is a "confession and avoidance" affirmative defense in which Appellant admits the elements of the crime but seeks to prove some additional element that absolves him of guilt. *State v. White,* 4th Dist. Ross No. 97 CA 2282, 1998 WL 2282 (Jan. 14, 1998). The affirmative defense of self-defense places the burden of proof on a defendant by a preponderance of the evidence. *In re Collier,* 5th Dist. Richland No. 01 CA 5, 2001 WL 1011457 (Aug. 30, 2001), *citing State v. Caldwell,* 79 Ohio App.3d 667, 679, 607 N.E.2d 1096 (4th Dist.1992). The proper standard for determining whether a criminal defendant has successfully raised an affirmative defense is to inquire whether the defendant has introduced sufficient evidence, which, if believed, would raise a question in the minds of reasonable persons concerning the existence of the issue. *State v. Melchior,* 56 Ohio St.2d 15, 381 N.E.2d 195 (1978), paragraph one of the syllabus.

{¶13} To establish self-defense in the use of non-deadly force, the accused must show: 1) he was not at fault in creating the situation giving rise to the altercation; 2) the accused had reasonable grounds to believe and an honest belief, even though mistaken, that some force was necessary to defend himself against the imminent use of unlawful force; and 3) the force used was not likely to cause death or great bodily harm. *State v. Hoopingarner,* 5th Dist. Tuscarawas No. 2010AP 07 00022, 2010–Ohio–6490, ¶ 31, *citing State v. Vance,* 5th Dist. Ashland No. 2007–COA–035, 2008–Ohio–4763, ¶ 77 (citations omitted). If any one of these elements is not proven by a preponderance of the evidence, the theory of self-defense does not apply. *State v. Williford,* 49 Ohio St.3d 247, 249, 551 N.E.2d 1279 (1990).

{¶14} Here, the witness testimony together with the video established the necessary elements of the charge of domestic violence. Appellant and the victim have a child together and lived together. Further, Appellant caused physical harm to the victim.

{¶15} As to Appellant's affirmative defense of self-defense, we find that Appellant failed to prove that he had reasonable grounds to believe that force was necessary to defend himself. Further, the force he used against the victim was likely to cause her great bodily harm.

{¶16} As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence, upon which the fact finder could base his or her judgment. *Cross Truck v. Jeffries,* 5th Dist. Stark No. CA–5758, 1982 WL 2911 (Feb. 10, 1982). Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest

weight of the evidence. *C.E. Morris Co. v. Foley Construction,* 54 Ohio St.2d 279, 376 N.E.2d 578(1978). The Ohio Supreme Court has emphasized: " '[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * *.' " *Eastley v. Volkman,* 132 Ohio St.3d 328, 334, 972 N.E.2d 517, 2012–Ohio–2179, *quoting Seasons Coal Co., Inc. v. Cleveland,* 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 603, at 191–192 (1978). Furthermore, it is well established that the trial court is in the best position to determine the credibility of witnesses. *See, e.g., In re Brown,* 9th Dist. No. 21004, 2002–Ohio–3405, ¶ 9, *citing State v. DeHass,* 10 Ohio St .2d 230, 227 N.E.2d 212 (1967).

{¶17} Ultimately, "the reviewing court must determine whether the appellant or the appellee provided the more believable evidence, but must not completely substitute its judgment for that of the original trier of fact 'unless it is patently apparent that the fact finder lost its way.' " *State v. Pallai,* 7th Dist. Mahoning No. 07 MA 198, 2008–Ohio–6635, ¶ 31, *quoting State v. Woullard,* 158 Ohio App.3d 31, 2004–Ohio–3395, 813 N.E.2d 964 (2nd Dist.2004), ¶ 81. In other words, "[w]hen there exist two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one we believe." *State v. Dyke,* 7th Dist. Mahoning No. 99 CA 149, 2002–Ohio–1152, at ¶ 13, *citing State v. Gore,* 131 Ohio App.3d 197, 201, 722 N.E.2d 125(7th Dist.1999).

{¶18} The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass,* 10 Ohio St.2d 230, 227 N.E.2d 212

(1967), paragraph one of the syllabus; *State v. Hunter,* 131 Ohio St.3d 67, 2011–Ohio–6524, 960 N.E.2d 955, ¶ 118. *Accord, Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *Marshall v. Lonberger,* 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed .2d 646 (1983).

**{¶19}** The judge as the trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the [trier of fact] may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Craig,* 10th Dist. Franklin No. 99AP–739, 1999 WL 29752 (Mar 23, 2000) *citing State v. Nivens,* 10th Dist. Franklin No. 95APA09–1236, 1996 WL 284714 (May 28, 1996). Indeed, the [trier of fact] need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Raver,* 10th Dist. Franklin No. 02AP–604, 2003–Ohio–958, ¶ 21, *citing State v. Antill,* 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964); *State v. Burke,* 10th Dist. Franklin No. 02AP–1238, 2003–Ohio–2889, *citing State v. Caldwell,* 79 Ohio App.3d 667, 607 N.E.2d 1096 (4th Dist.1992). Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. *State v. Jenks, supra.*

**{¶20}** We find that this is not an " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Thompkins,* 78 Ohio St.3d at 387, 678 N.E.2d 541, *quoting Martin,* 20 Ohio App.3d at 175, 485 N.E.2d 717. The judge neither lost his way nor created a miscarriage of justice in convicting Appellant of the charges.

**{¶21}** Based upon the foregoing and the entire record in this matter, we find Appellant's conviction is not against the manifest weight of the evidence. To the contrary,

the judge appears to have fairly and impartially decided the matters before him. The judge as a trier of fact can reach different conclusions concerning the credibility of the testimony of the witnesses. This Court will not disturb the trier of fact's finding so long as competent evidence was present to support it. *State v. Walker,* 55 Ohio St.2d 208, 378 N.E.2d 1049 (1978). The judge heard the witnesses, evaluated the evidence, and was convinced of Appellant's guilt.

{¶22} Finally, upon careful consideration of the record as set forth in the trial court's App.R. 9(c) statement and the video, we find that there is substantial evidence presented which, if believed, proves all the elements of the crime of domestic violence beyond a reasonable doubt.

{¶23} Appellant's sole Assignment of Error is overruled.

{¶24} For the foregoing reasons, the judgment of the County Court, Tuscarawas County, Ohio, is affirmed.

By: Wise, J.

Hoffman, P. J., and

Delaney, J., concur.

JWW/d 1122