[Cite as *Dover v. Horn*, 2017-Ohio-1146.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| CITY OF DOVER | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2016 AP 08 0041 |
| JOYCE HORN | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal Appeal from the New Philadelphia
                                                           Municipal Court, Case No.  TRD 1506422


JUDGMENT:                                       Affirmed


DATE OF JUDGMENT ENTRY:          March 28, 2017


APPEARANCES:

For Plaintiff-Appellee                         For Defendant-Appellant

DOUGLAS JACKSON                         RALPH C. BUSS
PROSECUTING ATTORNEY               168 East High Street
150 East High Avenue                        Post Office Box 705
New Philadelphia, Ohio  44663           Painesville, Ohio  44077

*Wise, J.*

{¶1}    Appellant Joyce E. Horn appeals her conviction on one count of a stop sign violation following a bench trial in the New Philadelphia Municipal Court.

{¶2}    Appellee State of Ohio has not filed a brief in this matter.

STATEMENT OF THE FACTS AND CASE

{¶3}    On September 17, 2015, Appellant Joyce Horn was involved in a motorcycle/automobile collision at the intersection of North Crater Avenue and East 4th Street in Dover, Tuscarawas County, Ohio. Appellant was operating her motorcycle westbound on East 4th Street, while the second vehicle in question was travelling southbound on North Crater Avenue. (T. at 6-7).

{¶4}    Appellant testified that she had stopped at the stop sign prior to heading into the intersection. (T. at 45). The operator of the second vehicle, Cory Levengood, testified that he did not see the motorcycle operated by Appellant until he was in the middle of the intersection. (T. at 36). Mr. Levengood then testified that he looked down the roadway immediately prior to entering the intersection and did not see Appellant's motorcycle. (T. at 36). Appellant testified that Mr. Levengood pulled his vehicle out into the intersection directly into her path of travel. (T. at 45).

{¶5}    Appellant was thrown from her motorcycle, across the hood of Levengood's vehicle.  She was taken to the hospital by ambulance. She suffered a concussion and a broken arm, which required surgery.

{¶6}    The officer who responded to the traffic accident, Capt. Samuel Hitchcock, testified that, as part of his investigation, he diagramed the accident scene, spoke with Mr. Levengood – the driver of the second vehicle, and spoke with another witness, who

heard but did not see the accident. (T. at 8). He stated that he did not speak with Appellant because she was in need of medical treatment, which took precedence. *Id.* He stated that another officer went to the hospital and got a statement from her, and that he later met with her at her home and got a written statement from her. *Id.*

{¶7} Based on his investigation, Capt. Hitchcock cited Appellant for failure to stop at the stop sign.

{¶8} On April 25, 2016, this matter proceeded to a bench trial before a magistrate.

{¶9} At the trial, the magistrate heard testimony from Capt. Hitchcock, Cory Levengood, and Appellant. At the conclusion of the trial, the Magistrate found Appellant guilty of failing to stop at the stop sign, in violation of Dover Codified Ordinance §313.01(A).

{¶10} On July 26, 2016, a hearing was held on Defendant's objections to the Magistrate's Decision.

{¶11} By Judgment Entry filed August 1, 2016, the trial court approved and adopted the Magistrate's Decision and found Appellant guilty of failing to stop at a stop sign.

{¶12} Appellant now appeals, assigning the following error for review:

<u>ASSIGNMENT OF ERROR</u>

{¶13} "I. THE TRIAL COURT'S JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I.

**{¶14}** In her sole Assignment of Error, Appellant argues that her conviction was against the manifest weight of the evidence. We disagree.

**{¶15}** As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence, upon which the fact finder could base his or her judgment. *Cross Truck v. Jeffries,* 5th Dist. Stark No. CA–5758, 1982 WL 2911 (Feb. 10, 1982). Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction,* 54 Ohio St.2d 279, 376 N.E.2d 578 (1978). The Ohio Supreme Court has emphasized: " '[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * *.' " *Eastley v. Volkman,* 132 Ohio St.3d 328, 334, 972 N.E.2d 517, 2012–Ohio–2179, *quoting Seasons Coal Co., Inc. v. Cleveland,* 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 603, at 191–192 (1978). Furthermore, it is well established that the trial court is in the best position to determine the credibility of witnesses. *See, e.g., In re Brown,* 9th Dist. No. 21004, 2002–Ohio–3405, ¶ 9, *citing State v. DeHass,* 10 Ohio St.2d 230, 227 N.E.2d 212 (1967).

**{¶16}** Ultimately, "the reviewing court must determine whether the appellant or the appellee provided the more believable evidence, but must not completely substitute its judgment for that of the original trier of fact 'unless it is patently apparent that the fact

finder lost its way.' " *State v. Pallai,* 7th Dist. Mahoning No. 07 MA 198, 2008–Ohio–6635, ¶ 31, *quoting State v. Woullard,* 158 Ohio App.3d 31, 2004–Ohio–3395, 813 N.E.2d 964 (2nd Dist.2004), ¶ 81. In other words, "[w]hen there exist two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one we believe." *State v. Dyke,* 7th Dist. Mahoning No. 99 CA 149, 2002–Ohio–1152, at ¶ 13, *citing State v. Gore,* 131 Ohio App.3d 197, 201, 722 N.E.2d 125 (7th Dist.1999).

{¶17} The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass,* 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus; *State v. Hunter,* 131 Ohio St.3d 67, 2011–Ohio–6524, 960 N.E.2d 955, ¶ 118. *Accord, Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *Marshall v. Lonberger,* 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983).

{¶18} The judge as the trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the [trier of fact] may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Craig,* 10th Dist. Franklin No. 99AP–739, 1999 WL 29752 (Mar 23, 2000) *citing State v. Nivens,* 10th Dist. Franklin No. 95APA09–1236, 1996 WL 284714 (May 28, 1996). Indeed, the [trier of fact] need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Raver,* 10th Dist. Franklin No. 02AP–604, 2003–Ohio–958, ¶ 21, *citing State v. Antill,* 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964); *State v. Burke,* 10th Dist. Franklin No. 02AP–1238, 2003–Ohio–

2889, *citing State v. Caldwell,* 79 Ohio App.3d 667, 607 N.E.2d 1096 (4th Dist.1992). Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. *State v. Jenks, supra.*

**{¶19}** Appellant argues that the Magistrate in this case based her decision on a "mistaken matter of fact" when she found that "Mr. Levengood specifically testified that he saw [Appellant] first directly when she was at the stop sign, she wasn't stopping, and then she made impact with him." (T. at 41).

**{¶20}** Appellant herein argues that Mr. Levengood's testimony does not support the trial court's findings.

**{¶21}** Upon review of the transcript, we find that the trial court's findings are supported by the record. Mr. Levengood testified as follows:

A: I stopped at the intersection, looked both ways, didn't see anything coming so I proceeded into the middle of the intersection and when I got to the middle of the intersection there the motorcycle was hitting me. (T. at 30).

***

A: No, I did not see any other vehicle sitting at any other stop signs. (T. at 31).

Q: So when you then began to travel through when did you first realize there was a motorcycle coming?

A: When she was right at the stop sign.

***

Q: Did you see her make any attempt to stop?

A: No, I did not.

Q: When you said you saw her at the stop sign did you see her stopping at the sign or coming through it?

A: No, I saw her keep coming. (T. at 31-32).

**{¶22}** Based upon the foregoing and the entire record in this matter, we find Appellant's conviction is not against the manifest weight of the evidence. To the contrary, the court appears to have fairly and impartially decided the matters before it. The trier of fact can reach different conclusions concerning the credibility of the testimony of the witnesses. This Court will not disturb the trier of fact's finding so long as competent evidence was present to support it. *State v. Walker,* 55 Ohio St.2d 208, 378 N.E.2d 1049 (1978). The trial court heard the witnesses, evaluated the evidence, and was convinced of Appellant's guilt.

**{¶23}** We find that this is not an " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Thompkins,* 78 Ohio St.3d at 387, 678 N.E.2d 541, *quoting Martin,* 20 Ohio App.3d at 175, 485 N.E.2d 717. The judge neither lost his way nor created a miscarriage of justice in convicting Appellant of the charges.

**{¶24}** Upon careful consideration of the record, we find that there is substantial evidence presented which, if believed, supports the charge beyond a reasonable doubt.

**{¶25}**  Appellant's sole Assignment of Error is overruled.

**{¶26}**  For the foregoing reasons, the judgment of the New Philadelphia Municipal Court, Tuscarawas County, Ohio is affirmed.


By: Wise, J.

Hoffman, P. J., and

Baldwin, J., concur.



JWW/d 0322